**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**Ella Maud PARKER, Appellee.**

No. 384.

Court of Civil Appeals of Texas.

Tyler.

Oct. 31, 1968.

Rehearing Denied Nov. 21, 1968.

Roberts, Smith, Roberts & Parker, John M. Smith, Longview, for appellant.

Crawford Parker, Jr., Carthage, for appellee.

DUNAGAN, Chief Justice.

This is a workmen's compensation death case. Appellant appeals from an adverse judgment awarding Ella Maud Parker, widow of Farsie Monroe Parker, a deceased employee of Javelin Oil Company, $11,566.30 with interest thereon for workmen's compensation benefits for 360 weeks.

Appellee (plaintiff in the court below) alleged in the trial court that on July 19, 1966, Farsie Monroe Parker, the deceased, received as an employee of Javelin Oil Company a strain injury which produced his death that night at approximately 11:00 P.M. The appellee alleged that the injury which Farsie Monroe Parker received was to his heart, its muscles and major vessels and was caused from the strain and overexertion to him in wrenching rods at one of his employer's wells and that such strain injury produced a myocardial infarction and resulted in the death of Farsie Monroe Parker.

Trial was had before a jury in the 123rd Judicial District Court of Panola County and in response to the special issues submitted by the court, the jury found: (1) that F. M. Parker sustained an injury on or about July 19, 1966; (2) that such injury was an accidental injury; (3) that such injury was sustained in the course of the decedent's employment with Javelin Oil Company; (4) that such injury was a producing cause of F. M. Parker's death; and (5) that the death of Farsie M. Parker was not solely caused by diseases or the physical condition of his body wholly independent of any work that he did for Javelin Oil Company.

Upon such special issues, judgment was entered for the appellee-plaintiff. From this judgment, appellant has duly perfected its appeal to this court.

Appellant first contends that there is (1) no evidence or (2) insufficient evidence to support the judgment entered in this cause.

The appellee, Ella Maud Parker, plaintiff in the court below is the widow of Farsie Monroe Parker.

Farsie Monroe Parker, who was 61 years of age, was employed by Javelin Oil Company and had been so employed for approximately two years prior to his alleged injury.

He was a roustabout on a workover rig which consisted of a crew of four men. On July 19, 1966, this crew consisted of R. H. Farmer, who was designated as operator of the workover rig and who was the man in charge of such workover rig; Bert Jernigan, who was designated as a roustabout; Floyd Gibbs, who was designated as a roustabout; and Farsie Monroe Parker, the deceased, who was designated on the workover rig as a roustabout.

As to the duties of the crew members, the operator ran the power unit that picked up the rods out of the bore hole; one roustabout put the clamp or elevator around the rod to keep it from going back into the well bore; one roustabout worked the wrench to break the rods loose and the third roustabout "tailed" the rods, which was a procedure to lay the section of rod down that had been broken loose in order to pull out another section of rod.

Farsie Monroe Parker was apparently in good health on July 19, 1966. He went to work that morning at 7 A.M. for his employer, Javelin Oil Company, and after rigging up the pulling unit and waiting for the operator to hot oil the well, the crew went back to work about 10:30 A.M.

"pulling or wrenching rods" to pull the pump out of the oil well. Parker ran the elevator, Gibbs wrenched rods and Jernigan tailed rods. It was Gibbs' normal job to wrench rods and he was much younger than the other men. Gibbs wrenched rods 95% of the time. He was relieved of the job on occasion by the other men, especially in the summer when it was hot. Wrenching rods was very strenuous and straining work and the pace was very fast. On the day in question Parker relieved Gibbs after Gibbs wrenched about one hour and he (Parker) wrenched about 20 to 25 minutes and then stopped and stated he couldn't wrench any more and put his hand over his heart and stated he felt like he was having a heart attack and that if he were home, he would go to the doctor. He then went to the shade and rested about 30 minutes and went back to work doing the lighter job of tailing rods. He didn't wrench any more rods that day. He complained of pain in his chest at noon and in the afternoon. He told the foreman at quitting time while changing clothes that he worked sick all day and would have to get better to die. When he got home, he complained to his brother-in-law of pain in his chest since wrenching rods that morning. He also complained of pain in his chest to his wife. He ate a light supper. After supper he again complained of pain to his brother-in-law. He took a bath, played solitaire, and went to bed about 9:30 P.M. His wife was awakened about 10:30 P.M. and found Mr. Parker in severe pain. Dr. V. M. Holland was called, came and attended Mr. Parker. Parker died about 11 P.M. that night. Dr. Holland diagnosed the cause of death as "acute myocardial infarction."

Dr. V. M. Holland and Dr. Franz V. Grunbaum were the only medical witnesses. They both testified on behalf of appellee. Dr. Grunbaum testified by deposition. In answer to a hypothetical question based on fact substantially the same as above set out, both doctors Holland and Grunbaum testified that in reasonable medical probability the strain from the strenuous work was a producing or contributing cause of the death of Mr. Parker.

The appellant asserts that the appellee failed to produce any medical evidence which showed that the deceased, Farsie M. Parker, sustained an accidental injury in the course and scope of his employment with Javelin Oil Company, which produced his death, in that the medical testimony did not show that within reasonable medical probability the alleged injuries received by Mr. Parker contributed to his death.

It is now well established in this state that "reasonable probability" is determined by a consideration of "the substance of the testimony of the expert witness and does not turn on semantics or on the use by the witness of any particular term or phrase." Insurance Company of North America v. Myers, 411 S.W.2d 710 (Tex. Sup., 1966); Otis Elevator Company v. Wood, 436 S.W.2d 324 (Tex.Sup.1968). Applying this rule to the medical testimony in this case, we believe it to be sufficient.

After a careful review of the entire record, which is required of us, we believe the evidence is sufficient to support the judgment and that the verdict and judgment is not against the great weight and preponderance of the evidence.

The appellant complains of the trial court permitting F. M. Parker, Jr. to be called as a witness when Rule 267, Texas Rules of Civil Procedure had been invoked by appellee and the witness had been present during the taking of testimony prior to being called as a witness in the case.

The witness Parker was called by appellee-plaintiff as a witness for impeachment purposes only. The record is not clear as to whether the witness was present during the presenting of all the testimony or only during a part thereof. Appellant concedes that it is within the discretion of the court as to whether or not a witness should be allowed to testify when the "rule" has been invoked. Therefore, the question

is: Did the court abuse its discretion? We feel that this question has been decided adversely to appellant in Southwestern Bell Telephone Company v. Johnson, 389 S.W. 2d 645 (Tex.Sup., 1965) and Texas Employers' Insurance Association v. Waldon, 392 S.W.2d 509 (Tex.Civ.App., 1965, Tyler, writ ref., n. r. e.). No abuse of discretion is shown. All of appellant's points have been considered and are overruled.

Judgment affirmed.