Frances WEEKS et vir, Appellants,

v.

Dr. David L. HEINRICH, Appellee.

No. 475.

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 25, 1969.

Rehearing Denied Nov. 13, 1969.

John H. Holloway, Houston, for appellants.

Guittard, Henderson, Jones & Lewis, O. F. Jones, Victoria, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a take-nothing judgment rendered after jury trial against appellants, Mrs. Frances Weeks and her husband Hubert Weeks, plaintiffs below, and in favor of Dr. David L. Heinrich, appellee here and defendant below.

Appellants sued appellee, a dentist, for actual and exemplary damages allegedly sustained as a result of appellee's conduct in extracting fourteen teeth of Mrs. Weeks, and particularly for leaving portions of her teeth which had to be removed at a later time by another dentist, and for failure to extract all teeth and leaving root tips or fragments and an impacted wisdom tooth. Appellants sought recovery on theories of fraud, negligence, gross negligence, breach of oral contract and lack of informed consent.

The trial court submitted 32 special issues to the jury which were answered in substance as follows: The jury *refused to find* (1) that appellee entered into a special agreement with Mrs. Weeks whereby he guaranteed to remove all the teeth remaining in her mouth; (2) that the failure of appellee to remove the impacted wisdom tooth, or to remove all of the tooth fragments from the teeth he extracted on July 3, 1965, was a breach of his agreement with Mrs. Weeks; (3) that appellee's failure to remove the fragments from the teeth he pulled on July 3, 1965, or root tips from such extracted teeth was a proximate cause of the damages, if any, sustained by Mrs. Weeks; (4) that the failure of appellee to remove Mrs. Weeks' impacted molar tooth under said agreement, if any, was a proximate cause of the pain, suffering, mental anguish, and medical and dental expenses, in connection with its later removal by Dr. Beekler; (5) that appellee failed to make a full disclosure of the risks relating to the removal of the teeth under such circumstances that Mrs. Weeks could give full informed consent to their removal; (6) that the failure, if any, of appellee to make such full disclosure was a proximate cause of Mrs. Weeks' injuries and damages, if any. In answer to special issue 7 the jury found that appellee knew that he had broken one of the root tips from the lower left molar at the time of its extraction, but in answer to special issue 8 *refused to find* that appellee failed to advise Mrs. Weeks that he intended to leave part of the said root in the extraction area of her body, and that he would remove it later if she developed trouble from it. The jury further *refused to find* (9) that appellee failed to advise Mrs. Weeks that he had permitted fragments of teeth to remain in the extraction areas; (10) that appellee's failure to inform Mrs. Weeks of the tooth fragments was a proximate cause of any injury to her; (11) that Mrs. Weeks sustained damages as a result of leaving the tooth fragments which she would not have otherwise sustained if she had been informed of them at the time of surgery; (12) that appellee knew or should have known that Mrs. Weeks had an impacted molar in her lower left jaw at the time of or prior to the extractions on July 3, 1965; (13) that the failure of appellee to remove the impacted molar during the time he attended Mrs. Weeks was negligence; (14) that such failure to remove was a proximate cause of the injuries and damages sustained by Mrs. Weeks; (15) that appellee's failure to x-ray the extraction area containing the root tip was a failure to exercise ordinary care; (16) that such failure to x-ray was a proximate cause of the injury and damages sustained by Mrs. Weeks; (17) that appellee's failure to remove the root from the extraction area was the failure to exercise ordinary care. Special Issue No. 18 was not answered, because it was conditionally submitted. The jury further *refused to find* (19) that appellee advised Mrs. Weeks that it was medically necessary to remove her remain-

ing teeth, as of July 2, 1965, because their diseased condition was affecting her general health. Special Issues 20, 21 and 22 were not answered because they were conditionally submitted. The jury further *refused to find* (23) that Mrs. Weeks sustained damages as a proximate result of her reliance on the false advice, if any, as to medical necessity for removal of her teeth. In answer to Special Issues 24 and 25 the jury found (24) that appellee acted in good faith in removing the teeth from Mrs. Weeks' mouth on July 3, 1965 and (25) that appellee exercised good faith in his treatment of Mrs. Weeks between September 10, 1965 and February 17, 1966. In answer to Special Issue 26 the jury answered in substance that the sum of money which would reasonably compensate Mrs. Weeks for necessary medical and hospital expenses in connection with removal of the tooth fragment or root tip from the extraction area as a proximate result of leaving such fragment in Mrs. Weeks' body was Thirteen Dollars. Special Issues 27 through 32, inquiring about various other elements of alleged damage, were all answered "none".

Appellants urge 54 points of error. Points 1–34 assert legal and factual insufficiency of the evidence to support the jury findings, both as to the liability and damage issues. Point 35 asserts that the trial court erred in refusing to render judgment for appellants in the amount of $13.00 based upon the jury answers to special issues 17 and 26. Points 36–39 assert error in the overruling of appellants' objections to the charge of the court, particularly to special issues 1, 2, 24 and 25. Points 40–48 assert errors in refusal to submit appellants' requested special issues. Point 49 asserts error in the refusal to strike the testimony of two witnesses who allegedly conferred with each other and jointly with counsel for appellee and in the presence of appellee when the "Rule" had been invoked. Points 50 and 51 assert error in admitting, over appellants' objections, records and testimony offered by appellee. Points 52 and 53 assert error in refusing appellants a new

trial because of alleged jury misconduct. Point 54 asserts error in the refusal of the trial court to permit subpoena of a witness, the wife of one of the jurors, in connection with appellants' motion for new trial.

We will first consider appellants' points 1–30 which assert that the evidence was legally and factually insufficient to support each of the unfavorable jury answers to special issues 1–23 with the exception of issues 16, 17, and the unanswered issues 18, 20, 21 and 22.

Seven witnesses testified on the trial of the case and a number of exhibits were received in evidence. Appellants each testified in person and also called as witnesses appellee Dr. Heinrich, as an adverse witness, Dr. Eugene I. Naquin and Dr. Daniel M. Beekler. Appellee also testified in his own defense and called Mrs. Diane Michaud and Mrs. Lynda Brown as witnesses. The testimony was sharply conflicting in many respects and particularly so as between that of Mrs. Weeks and Dr. Heinrich.

Mrs. Weeks testified in substance as follows. She was in the hospital at Victoria, Texas in June 1965 under the care of a medical doctor when her partial dental plates were lost or misplaced by hospital employees. She had theretofore been a patient of appellee since about 1960. During the first few months of 1965 appellee made restorations or repairs to her teeth. In June 1965 appellee consulted with Mrs. Weeks while she was still in the hospital and ultimately extracted fourteen of her teeth on July 3, 1965. Mrs. Weeks testified that appellee advised her that all of her teeth should be removed for health reasons; that she did not want this, but ultimately consented to such extractions. Several days after the operation appellee removed the sutures from Mrs. Weeks' mouth and about two months later fitted her with new dentures. Between September 3, 1965 and February 17, 1966 Mrs. Weeks went to appellee's office seven times for denture adjustments. She said

that she complained to appellee of pain and discomfort. Mrs. Weeks also testified that at no time did appellee advise her that he had left a root tip in her mouth, nor did he tell her she had an impacted wisdom tooth or that her trouble could be caused by such conditions. In June 1966 Mrs. Weeks called appellee's office, apparently while he was on vacation, and was referred to Dr. Miller who in turn referred her to Dr. Naquin, who examined her on June 27, 1966. An x-ray made by Dr. Naquin disclosed the presence of a root tip which was removed on July 20, 1966. Dr. Naquin also made adjustments and realignments of the dentures. Dr. Naquin also advised Mrs. Weeks that an x-ray showed she had an impacted molar which should be removed, and he referred her to Dr. Beekler, an oral surgeon, for such purpose. Mrs. Weeks was admitted to the hospital on August 11, 1966, where Dr. Beekler removed an impacted third molar from her mouth, and she was discharged on August 14, 1966. Thereafter, Dr. Beekler made additional x-rays and no other root tips or fragments were found in Mrs. Weeks' mouth.

Dr. Heinrich, appellee, testified in substance as follows: In June 1965 he talked with Mrs. Weeks in the hospital after her partial plates were lost. At that time he was of the opinion and so advised Mrs. Weeks that it would be better for her to retain her remaining teeth and have new partial plates made. However, he said that Mrs. Weeks insisted over a period of time that her teeth be extracted and new dentures made. Dr. Heinrich said that this would be an acceptable practice and not contrary to that of other dentists in the community or elsewhere. Appellee knew that he had left a root tip in Mrs. Weeks' mouth on July 3, 1965 and so advised her. He would have removed the root tip later if such action became necessary, but Mrs. Weeks stopped coming to him for treatment and he did not do so. Appellee was not aware that Mrs. Weeks had an impacted molar, and testified that it was unlikely for a woman of her age to have one and the x-rays he took did not go far

enough back to disclose the same. He said he only agreed to remove the 14 teeth he knew about and if he had known about the impacted molar he might have left it in if there were no complications caused by it or might have referred Mrs. Weeks to an oral surgeon, although he was qualified to remove it. In any event there would have been an extra charge for removal of the impacted molar.

The testimony of Doctors Naquin and Beekler was in many respects favorable to appellee. However, under all of the medical evidence the jury could have found either way on the various issues as to the exercise by appellee of the same degree of care and skill that other general dentists would have exercised under the same or similar circumstances in the vicinity of Victoria, Texas in the exercise of ordinary care for the welfare of the patient. The testimony of Mrs. Michaud and Mrs. Brown was also favorable to appellee's version of his basic agreement with Mrs. Weeks concerning the extraction of her teeth. The testimony of appellant Hubert Weeks was brief but was in line with that of his wife to the extent of his knowledge of the matter.

■ The jury answers complained of under appellants' points 1–30 were unfavorable to them on their various theories of liability upon which they, of course, had the burden of proof. Such jury answers amount to no more than findings that appellants failed to discharge that burden. See Ashley v. Usher, 384 S.W.2d 696, 17 A.L.R.3d 595 (Tex.Sup.1964); United States Letter Carriers Mutual Benefit Assn. v. Sypulski, 364 S.W.2d 840, 844 (Tex.Civ.App., Ft. Worth, 1963, n. w. h.); Hill v. Leschber, 235 S.W.2d 236 (Tex.Civ. App., Austin, 1950, n. w. h.). A review of all the evidence reflects that it was legally and factually sufficient to authorize the jury to answer the issues as it did in each instance In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). Appellants thus failed to establish facts either by jury findings on special issues 1–23 or by conclusive evidence which would furnish a

basis for liability against appellee. Hereafter we will separately consider appellants' point 35 relating to the findings on issues 17 and 26 when considered together. Appellants' points 1–30 are overruled.

We next consider appellants' contentions under their points 31–35. Here appellants say that the trial court was required to first render judgment in their favor for $13.00 based upon the jury answers to Special Issues 17 and 26 and then to grant them a new trial because of the jury answers of "none" to issues 27, 28, 29, 30 and 31, which inquired concerning various elements of alleged damages. By their Point No. 35 appellants particularly argue that the trial court erred in refusing to render judgment for appellants in the mount of $13.00 based upon the jury answers to Special Issues 17 and 26. Special Issues 17, 18 and 26 read as follows:

### "SPECIAL ISSUE NO. 17

Do you find from a preponderance of the evidence that the failure of Dr. David Heinrich to remove the broken piece of the root from the lower left molar from the extraction area of Mrs. Weeks' jaw was the exercise by Dr. David Heinrich of same degree of care and skill that other general dentists would have exercised under the same or similar circumstances in the City of Victoria, Texas, and vicinity thereof, in the exercise of ordinary care for the welfare of a patient such as Mrs. Frances Weeks?

Answer: 'We Do' or 'We Do Not'

### WE DO NOT

If you have answered the foregoing Special Issue No. 17 'We do,' and only in that event, then answer:

### SPECIAL ISSUE NO. 18

Do you find from a preponderance of the evidence that such failure, if any, was a proximate cause of the injury and damage sustained by the plaintiff Mrs. Frances Weeks?

Answer 'We do,' or 'We do not.'

Answer: (not answered)"

\* \* \* \* \* \*

### "SPECIAL ISSUE NO. 26

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence, will fairly and reasonably compensate the plaintiff, Mrs. Frances Weeks, for the reasonable value of such necessary medical and hospital expenses incurred by plaintiffs in connection with the removal of the tooth fragment, or root tip, from the extraction area of the lower left molar, as a direct and proximate result of the leaving of such fragment in Mrs. Frances Weeks' body?

Answer by stating the amount in dollars and cents, if any.

$13        "

■ The contentions made by appellants under their point 35 are not well taken for several reasons. First, the "we do not" answer of the jury to special issue 17 *is not* the equivalent of a finding from a preponderance of the evidence that the stated omission of Dr. Henrich was *not* the exercise of ordinary care. That answer is no more than a refusal of the jury to find that the omission mentioned amounted to or was the exercise of ordinary care, and cannot be converted into an affirmative finding of negligence on the part of Dr. Heinrich. See C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, 194 (Tex.Sup. 1966). Even if the jury finding on Special Issue 17 is treated as a finding of negligence, it appears that the related and essential issue of proximate cause (Issue No. 18) was not answered by the jury; therefore, there was no complete ground of liability found against appellee in connection with the omission involved. Further, there is apparent confusion in the manner in which Special Issue 18 was submitted. The

jury was instructed to answer it only if Special Issue 17 had been answered "we do". That answer would have established the exercise of ordinary care, or the absence of negligence, on the part of appellee in the respect inquired about, and an answer to special issue 18 would not then have been necessary. If both issues 17 and 18 had been answered "we do" the result would have amounted to no more than a finding of proximate cause based upon a non-negligent omission by appellee.

Appellants' contention that the jury answer to special issue No. 26 amounts to a finding of proximate cause in connection with the finding on special issue 17 so as to establish a ground of liability against appellee is also without merit. Substantially the same contention was made and rejected in Boyer v. Gulf, Colorado & Santa Fe Railway Company, 306 S.W.2d 215 (Tex.Civ.App., Houston (1st), 1957, wr. ref. n. r. e.), wherein the Court held in part as follows:

"Appellants urge, however, that although Special Issue No. 32, calling for specific finding as to whether or not appellee's negligence was a proximate cause of the death of Daphne Edith Boyer, was not answered, nevertheless they can rely on the jury's finding of damages expressed in terms of dollars and cents, made in response to Special Issue No. 65, commonly referred to the 'damage' as the general finding that appellee's negligence was a proximate cause of her death. In illustrating their contention, they narrow the pertinent parts of Special Issue No. 65 to the following language:

'What sum of money, if any, * * * would fairly and reasonably compensate the plaintiffs, * * * for the loss, if any, sustained by them as a direct and proximate result of the negligence of the defendant, if any, *and* death of Daphne Elaine Boyer, * * *.' (Emphasis ours.)

In support of their position, they cite F. W. Woolworth Co. v. Ellison, Tex. Civ.App., 232 S.W.2d 857, and Aetna Life Insurance Company v. Bulgier, Tex.Civ.App., 19 S.W.2d 821. A study of these cases failed to reveal any analogy between issues there and those under consideration here.

In fact, Special Issue No. 65 does not even by inference call upon the jury to determine the question of whether or not the negligence of the appellee was a proximate cause 'of the' death of Daphne Edith Boyer. It assumes it. It simply asked the jury to find 'What sum of money * * * would fairly compensate plaintiffs for the loss, if any, sustained by them as a direct and proximate result of the negligence of the defendant, if any, *and* death of Daphne Edith Boyer * * *.' (Emphasis ours.)

We, therefore, overrule appellants' contention that Special Issue No. 65 was a finding by the jury that appellee's negligence as found in response to Special Issues Nos. 30 and 31 was a proximate cause of the death of Daphne Edith Boyer. Since the jury did not answer special Issue No. 32, appellants failed to establish their case. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985; Dunn v. Texas Coca Cola Bottling Co., Tex.Civ.App., 84 S.W.2d 545, writ dismissed.

The judgment of the trial court should be affirmed for an additional reason. When appellants waived their right to have the jury further consider the verdict, with Special Issue No. 32 unanswered, and the Court subsequently rendered judgment in favor of the appellee denying a recovery by appellants, under Rule 279, T.R.C.P., it will be presumed that the trial court found appellee's negligence was not a proximate cause of the death of Daphne Edith Boyer. This conclusion is supported by Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, where an erroneous predicate on the proximate cause issue fol-

lowing a double submission of a 'failure to keep a proper lookout' issue caused the jury to not answer the proximate cause issue, and no objection having been made to the Court's submitting the issue in that form or to the Court's receiving the verdict without the Issue being answered, it was held that the burden rested upon the defendant to obtain a jury finding in its favor on that Issue to establish its defense and not having done so it 'waived its right to a jury issue on the unanswered Issue on proximate cause and this answer must be taken as having been answered by the Court in such manner as to support the judgment.'

A number of cases were cited in the Supreme Court's opinion where the rule has been applied to the plaintiff as well as the defendant. We cannot see where any distinction can be made in the application of the rule."

We believe that the reasoning in *Boyer* is equally applicable here.

■ The jury answers of "none" to each of special issues 27, 28, 29, 30 and 31 again amount to no more than findings that appellants failed to carry their burden of proof to establish their alleged damages. In view of the evidence and the manner in which these issues were framed, the jury answers were authorized and do not furnish grounds for granting a new trial. Appellants' points 31–35 are overruled.

■ By their point 36 appellants contend that the court erred in overruling their objection to special issue 1 particularly because of the use of the word "special" therein. That issue and the jury answer read as follows:

"SPECIAL ISSUE #1

Do you find from a preponderance of the evidence, if any, that the defendant, Dr. David Heinrich, entered into a special agreement with Mrs. Weeks whereby he guaranteed to remove all the teeth remaining in her mouth?

Answer 'He did' or 'He did not.'

Answer: HE DID NOT"

The trial court properly overruled the objection. Issue No. 1 correctly submitted appellants' pleaded theory of special contract and guarantee. See Graham v. Gautier, 21 Tex. 112 (1858).; Lakside Sanitarium v. Dickens, 259 S.W. 1110 (Tex.Civ. App., Austin, 1924, n. w. h.); Helms v. Day, 215 S.W.2d 356 (Tex.Civ.App., Ft. Worth, 1948, wr. dism.). Appellants' point 36 is overruled.

■ Appellants' point 37 is closely related to their point 36 and complains of the instruction given in connection with special issue No. 1, which reads as follows:

"In connection with the above special issue you are instructed that a dentist is not an insuror or guarantor, and does not warrant a cure or favorable result, but only that he possesses and will exercise that degree of care and skill possessed by an ordinary dental practitioner in the community, but his responsibility may be enlarged by agreement, and by special contract he may become bound to perform a cure or to obtain specific results."

Here appellants rely upon Levermann v. Cartall, 393 S.W.2d 931 (Tex.Civ.App., San Antonio, 1965, wr. ref. n. r. e.) in which a similar instruction was held to be erroneous. *Levermann* is distinguishable. There the plaintiffs relied solely upon negligence as a basis for recovery, and the court correctly held that the instruction was improper because it did not relate to any particular issue or term used in the charge and could have been considered only as applying to the case as a whole. Here, one of appellants' theories of recovery was an alleged breach of contract, and the instruction given expressly related to the type of contract they were required to establish. In addition, appellants did not request a substantially correct definition in connection with special issue one, on which they had the burden of proof. Appellants have

thus waived their objection and are now not in position to complain of the alleged error. Rule 279, Texas Rules of Civil Procedure. Appellants' point 37 is overruled.

Appellants' point 38 asserts in substance that the trial court erred in ruling various objections to special issues 24 and 25. In answer to those issues the jury found that appellee acted in good faith in removing Mrs. Weeks' teeth and in his subsequent treatment of her. By special issues 19, 20, 21, 22, 23 and 24 the trial court submitted issues as to alleged fraud on the part of appellee. Special issue 32 submitted the issue of exemplary damages. Issues 24 and 25 were proper defensive issues under these circumstances. See 17 Tex.Jur.2d, Damages, Sec. 179, p. 248, and cases therein cited. In any event, it appears that appellants have not demonstrated that submission of issues 24 and 25 probably resulted in harm to them or caused rendition of an improper judgment. Rule 434, T.R.C.P. Appellants' point 38 is overruled.

Appellants' point 39 asserts error in the overruling of their objections to the instruction given in connection with special issue 2. That issue and the instruction read as follows:

### "SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that the failure of the defendant, Dr. David Heinrich, to remove the impacted wisdom tooth, or to remove all of the tooth fragments from the teeth he extracted on July 3, 1965, was a breach of his agreement, if any, with plaintiff, Mrs. Frances Weeks?

Answer: 'We Do' or 'We Do Not'

In connection with the foregoing issue you are instructed that a breach of contract occurs when either party fails or refuses to carry out any part of thie contemplated obligation, but that non-performance arising through mutual mistake or some intervening cause, not com-

templated beforehand, is not a breach of the agreement."

The jury answered "We do not".

In this instance, in addition to objections, the appellants also requested an issue and instruction (which were refused) as follows:

### "SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that the defendant, Dr. David Heinrich, breached his guarantee, if any, to remove all the teeth remaining in Mrs. Weeks' mouth?

Answer: 'We Do' or 'We Do Not'

In connection with the foregoing issue, you are instructed that a breach of contract occurs when either party fails or refuses to carry out any part of the contemplated obligation."

The instruction given was substantially correct and the one requested by appellants was essentially the same. In any event we do not believe prejudicial error is presented by appellants' point 39 and it is overruled.

Appellants' points 40–48, grouped for briefing, complain of the refusal of the trial court to submit to the jury a number of special issues requested by them. These points have not been sufficiently briefed to require their consideration. Appellants have devoted one and one-fourth pages of their brief to these 9 points and at least 20 specially requested issues. There is no specific reference to the Statement of Facts or to the evidence in the case. Assuming that the points are sufficient to direct the court's attention to the matters complained of, the court is only required to pass on the merits of the point of error in the light of the statement thereunder. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943). In Saldana v. Garcia, 155 Tex. 242,

285 S.W.2d 197, 201 (1956) our Supreme Court held as follows:

> " * * * It was not the duty of the Court of Civil Appeals to make an independent search of the statement of facts, which in this instance consisted of 510 pages and many exhibits, including account books and other records. Since the petitioner failed to point out to the Court of Civil Appeals any evidence to support his contention that the trial court's judgment should be set aside because it was not supported by the conclusive evidence, he failed to discharge his burden. * * * "

In the instant case the Statement of Facts contains 497 pages in addition to the exhibits. The reasoning and holdings of Saldana v. Garcia, supra, are equally applicable here. Appellants' points 40–48 are overruled.

Appellants' point 49 asserts that the trial court erred in refusing to strike the testimony of Mrs. Lynda Brown and Mrs. Diane Michaud who were called as witnesses for appellee on account of alleged violation of the "Rule" which had been invoked. Appellants developed that prior to the time these witnesses testified they met together with appellee and his counsel and the latter talked to them about their testimony. The rule had been invoked but neither of the witnesses had been sworn or heard any of the testimony at the time of the meeting. Appellants were allowed to question the two witnesses and to develop the circumstances surrounding the meeting both on bill of exception and thereafter in the presence of the jury. The trial judge had the discretionary authority to permit the testimony or to exclude it. Appellants have not demonstrated abuse of discretion in admitting or refusing to strike the same. Rule 267, T.R.C.P.; Southwestern Bell Telephone Company v. Johnson, 389 S.W. 2d 645 (Tex.Sup.1965); Insurance Company of North America v. Parker, 434 S. W.2d 159, 161 (Tex.Civ.App., Tyler, 1968, n. w. h.). Appellants' point 49 is overruled.

Appellants' points 50 and 51, relating to alleged errors in the admission of certain office records and testimony over appellants' objections, have not been briefed and are, therefore, waived. They are overruled.

Appellants' point 52 asserts error in refusing a new trial because the jury foreman and others allegedly informed the juror Mrs. Jo Ann Jalufka that Mrs. Weeks would receive $13.00 regardless of answers to other issues. At the hearing of appellants' motion for new trial Mrs. Jalufka testified in substance that the jurors intended to give Mrs. Weeks $13.00 by the verdict and that she understood Mrs. Weeks would get it regardless of how other issues (which were then unanswered) would be answered. The testimony of Mrs. Jalufka principally involved mental processes of the jurors which was inadmissible. Her testimony was uncertain in many respects and the facts developed by it did not require a finding of misconduct nor show probable harm to appellants. See Hoffman v. French, Ltd., 394 S.W.2d 259 (Tex.Civ. App., Corpus Christi, 1965, wr. ref. n. r. e.). Appellants' point 52 is overruled.

Appellants' point 53 asserts error in refusing a new trial because on voir dire examination of the jurors Mr. Alvin Waitschies allegedly denied his family's problems with impacted teeth; and further made a statement on damages while the jury was deliberating that Mrs. Weeks "would have to suffer regardless of who took the roots and impacted tooth out later, so no damages could be allowed for such." The point is multifarious and the contentions therein made do not have a basis for review asserted in appellants' motion for new trial. Point 53 is overruled.

Appellants' point 54 asserts error in the refusal of the trial court "to permit subpoena of Mrs. Waitschies under bill of exception to prove impeachment of jury foreman's testimony." While Mr. Waitschies was testifying at the hearing of ap-

pellants' motion for new trial, he gave testimony concerning a conversation in appellants' home participated in by him, his wife and counsel for appellants, held some time after the verdict was returned. His testimony was apparently unsatisfactory to counsel for appellants who requested the judge to ask the clerk to issue subpoena for Mrs. Waitschies. The judge declined to do this. Thereafter, counsel for appellants took the stand and testified to statements allegedly made by Mr. and Mrs. Waitschies during the said conversation at the home of appellants, and particularly that Mrs. Waitschies stated that she had a root tip in her mouth, and that her daughter had an impacted wisdom tooth which had been removed and that neither of them had any difficulties. Counsel for appellants further testified in substance that Mrs. Waitschies said she told her husband she thought Mrs. Weeks should not have brought the lawsuit in the first place, and that she also said she had no difficulty with the root in her mouth and her dentist told her it could stay there indefinitely without causing trouble. The testimony of counsel for appellant might have been considered for the purpose of impeachment of Mr. Waitschies' testimony, but not as substantive evidence of jury misconduct. Counsel for appellants also requested the court to reset the hearing of the motion for new trial to permit him to have issued a subpoena for Mrs. Waitschies so she could be brought in to testify on bill of exception at a later date. Appellants' point 54 is not well taken for several reasons. The point asserts that the "jury foreman's" testimony was allegedly to be impeached by that of Mrs. Waitschies if subpoenaed to testify. Mr. Waitschies was not the jury foreman, and there was no showing that Mrs. Waitschies' testimony was material in such respect. Counsel for appellant was upon notice that he might need to call Mrs. Waitschies as a witness on the hearing of the motion for new trial, but he made no prior arrangements for her attendance either voluntarily or by process. Even if her testimony had been as represented by counsel

for appellants it appears that it would have related primarily to the alleged failure of Mr. Waitschies to disclose certain facts on the voir dire examination of the jurors. There is no transcript of such voir dire examination in the record and it is not otherwise disclosed herein that it was such as to call for answers which were different than those actually made by Mr. Waitschies. In any event it appears that the trial judge did not abuse his discretion in either refusing to allow issuance of subpoena for Mrs. Waitschies or postponing the hearing of the motion for new trial so that her testimony could be taken on bill of exception. Appellants' point 54 is overruled.

The judgment of the trial court is affirmed.