**BROWN & ROOT, INC., Appellant,**

v.

**Lovedia WADE et al., Appellees.**

**No. 987.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 8, 1974.

Rehearing Denied May 29, 1974.

Wade, deceased, along with her minor children Donald, Jr., Joel, Donna, Diana, and Samuel, sued appellant Brown & Root, Inc., for the negligent death of Donald S. Wade aboard a barge owned by appellant. The case was tried without a jury and judgment was entered that appellees recover $125,000. Findings of fact and conclusions of law were filed.

The deceased was employed by appellant as a mechanic aboard the jet barge "M–288," a vessel used to lay submarine pipelines. The barge had been tied up for approximately three months at Belle Chase, Louisiana, undergoing winter repairs. The crew was preparing the barge for a Coast Guard inspection the next day, and the deceased at the time of the accident was tightening the wing nuts on a water-tight hatch. This hatch is raised eighteen inches above the deck and is approximately nine feet by seven feet. The door to the hatch weighs roughly 500 pounds and is attached with hinges on one side. A rubber gasket seals the hatch when the sixteen wing nuts are tightened. The bolts are three-quarter inch, and the brass nuts have two wings of four inches each. The hatch cover was warped in a concave manner, approximately one-quarter to one-half inch, such that the corners did not fit snugly.

At the time of the accident, the deceased was tightening a wing nut with a three-quarter inch, aluminum "cheater pipe" approximately eighteen inches long. No one witnessed the accident. The deceased fell backward, striking his head on the corner of a steel-plate platform supporting an air tugger. Artificial respiration and oxygen equipment were employed, but the deceased never regained consciousness.

The findings of fact of the trial court detail negligence on the part of the appellant in seven respects. Appellant was found to have failed to repair the hatch cover and warpage such that the wing nuts could be tightened by hand, failed to furnish a reasonably safe place to work, failed to fur-

---

William R. Eckhardt III; Vinson, Elkins, Searls, Connally & Smith, Houston, for appellant.

Bowmer, Courtney & Burleson, Temple, David H. Burrow, Helm, Jones & Pletcher, Don Riddle; Kronzer, Abraham & Watkins, Houston, for appellees.

COULSON, Justice.

This is a wrongful death case under the Jones Act, 46 U.S.C. § 688 (1958). Mrs. Lovedia Wade, surviving widow and administratrix of the estate of Donald S.

nish a non-slip tool, provided a cheater pipe of aluminum, failed to properly instruct the deceased as to the proper method of tightening, failed to bevel the sharp edge of the air tugger's base, and failed to extend a guard rail by the air tugger.

All of appellant's four points of error present the argument that there is no evidence of probative value to support any of the findings of negligence. Appellant also argues that none of the defects found by the trial court rendered the vessel unseaworthy, on the theory that appellant could not be found negligent if it furnished a seaworthy vessel. However, negligence under the Jones Act is a completely independent ground of recovery from the traditional admiralty action for unseaworthiness, and a finding of employer's negligence is unrelated to a shipowner's duty to provide a seaworthy vessel.

The appellate function in Jones Act cases has been narrowed to the extent that "very little evidence" is necessary to uphold a fact finding of negligence. Continental Oil Company v. Lindley, 382 S.W.2d 296 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.). The test of whether there is some evidence to support a jury finding under the Federal Employers' Liability Act, 45 U.S.C. § 51 (1972) et. seq., was stated in the landmark case of Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957):

> Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.

This test was applied to Jones Act cases in Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 77 S.Ct. 457, 1 L.Ed.2d 511 (1957). Thus, causation was established if there was any evidence to support an inference that an act or omission of appellant played even the slightest part in

producing the death of Donald Wade. Annot., 98 A.L.R.2d 677 (1964).

Mr. Norwood Seymour, the captain of the barge at the time of the accident, testified that he thought that the original design of the hatch doors was such that they would be tightened down by hand alone, but that with age and warpage it was necessary to use a "cheater pipe." Seymour stated that, of the three water-tight hatches and two water-tight doors above deck, the hatch the deceased was securing was the only hatch door that could not be "pulled down level without using a cheater pipe." This hatch had been left open for ventilation at sea, and, when rough seas were encountered, the crewmen would simply rock it over and let it fall. The men did not attempt to ease it shut because of its great weight. This repeated falling caused the warpage, according to Seymour. He also testified that the accident had occurred either because the pipe slipped off the wing nut or because the threads of the nut gave quickly, but he tested the threads after the accident and found no rough spots. Mr. Robert A. Fry, a marine engineer, was called as an expert by appellant. He testified that warped hatch covers are customarily corrected during winter repairs. This is done by heating the cover and bending it back or by cutting a section out of it or by replacing the cover altogether.

On the basis of the above testimony, a finding of negligence by the trier of fact must be affirmed under the standard of the Rogers case. Since the evidence supports a finding that appellant was negligent in failing to repair the hatch cover, it is unnecessary to consider the other findings of negligence.

Affirmed.

CURTISS BROWN, J., did not participate.