Ted P. HORN, Appellant,

v.

The ATCHISON, TOPEKA AND SANTA FE
RAILWAY COMPANY, Appellee.

No. 7645.

Court of Civil Appeals of Texas,
Beaumont.

Feb. 6, 1975.

Rehearing Denied March 6, 1975.

R. Jack Ayres, Jr., Richardson, Kelsoe & Paternastro, Dallas, for appellant.

Ervin A. Apffel, Jr., Robert A. Parmelee, Galveston, for appellee.

KEITH, Justice.

Plaintiff below appeals from a take-nothing judgment rendered in his suit brought under the provisions of the Federal Employers' Liability Act [hereinafter FELA], 45 U.S.C.A. §§ 51 and 53, and we will designate the parties as they appeared in the trial court.

Plaintiff was employed as a brakeman by defendant and, while attempting to close an anglecock upon a boxcar in the train, sustained an injury to his back for which he sought damages. At the conclusion of the evidence, the trial court submitted five basic issues against the defendant: *No. 1.* Did plaintiff sustain an injury on the occasion in question, to which the jury answered, "We do"; *No. 2.* Did defendant fail to provide plaintiff with reasonably safe equipment with which to do his work, to which the jury answered, "We do." [1]

*No. 3* inquired if "such failure was negligence" and the jury answered: "We do not." *No. 4*, submitted contingently upon a "we do" answer to No. 3, inquired if "such negligence was a cause, in whole or in

---

1. The instruction accompanying this issue read, in material part: "[Y]ou are instructed that the defendant railroad company was under a duty on the occasion in question to exercise ordinary care to furnish plaintiff with reasonably safe equipment with which to work and this duty was a continuing and non-delegable duty.

"This includes the exercise of reasonable care and prudence to remove or guard against danger or hazards on the equipment where it's employees are expected to work."

part, of the occurrence in question," was not answered. All defensive issues were answered favorably to the plaintiff. The jury denied damages for pain in the past or in the future; but awarded $11,250 for loss of earnings in the past and $3,750 for loss of earnings in the future. The Court entered a take-nothing judgment from which plaintiff prosecutes this appeal.

At the outset of our discussion, it is well to note that neither party objected to the charge; no requested issues were refused by the Court; plaintiff did not object to the receipt of the partial verdict nor did he request that the jury be instructed to deliberate further and return a complete verdict; he did not object to the dismissal of the jurors; there is no motion in our record asking that the trial court disregard any of the answers made to the special issues or to enter judgment non obstante veredicto; nor did plaintiff request the trial court to make and file findings of fact. All of plaintiff's complaints are, necessarily, based upon assignments found in his amended motion for new trial.

■ We recognize, as indeed we must, that the substantive rights of the parties are governed by federal law and the decisions of the United States Supreme Court must control. See Missouri-Kansas-Texas RR. Co. v. Shelton, 383 S.W.2d 842, 845 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.), and the imposing line of cases therein cited.

But, when FELA cases are filed in our state courts, "they are generally to be tried in accordance with our own Rules of Civil Procedure." Missouri Pacific Railroad

Company v. Cross, 501 S.W.2d 868, 870 (Tex.1973).

We have trouble coming to grips with plaintiff's first point reproduced in the margin.[2] Plaintiff breaks the argument under this point into two subdivisions: (a) the error in overruling his motion for judgment, which is not in our transcript; and (b) alternatively, the error in overruling his amended motion for new trial because of "an irreconcilable conflict" between the answers to Issues Nos. 2 and 3.

■ In the posture in which we review this case, we agree that Special Issue No. 3—submitting the question of whether defendant's failure to provide plaintiff with reasonably safe equipment with which to work was negligence—was not a required issue and should not have been submitted. Nevertheless, plaintiff made no objection to the charge and was satisfied, presumably, with the causation issue being submitted conditionally upon a favorable answer to the negligence issue. Having established negligence, plaintiff still labored under the burden of procuring a finding that such negligence was the cause—in whole or in part—of his injury and damage. Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); Gallick v. Baltimore & Ohio R. Co., 372 U.S. 108, 116, 83 S.Ct. 659, 9 L.Ed.2d 618, 625 (1963). See generally, 32 Am.Jur.2d, Federal Employers' Liability, etc., § 30, at 275 (1967).

■ The accident in question was, in the parlance of the trade, a "blind" accident since only plaintiff was in position to testify as to its occurrence, how it hap-

---

2. "The trial court erred in overruling plaintiff's amended motion for new trial for reason that the trial court had erred in overruling plaintiff's motion to disregard the jury's answer to Special Issue No. 3 and motion for judgment because the jury's answer to Special Issue No. 3 was immaterial and could not form the basis for a judgment for defendant as a matter of law."

It is asserted that this point is germane to assignment of error number one in the amended motion for new trial reading: "The Court erred in overruling plaintiff's motion to disregard the jury's answer to Special Issue No. 3 and motion for judgment in that the answer to Special Issue No. 2 is a finding of negligence, and the answer to Special Issue No. 3 is in conflict even though it is not a finding of no negligence and is an immaterial issue."

pened, and its effect upon his body. He was an interested party and it is the general rule that the testimony of an interested party does no more than raise an issue for determination by the trier of the facts. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908 (1942); Gevinson v. Manhattan Construction Co. of Okla., 449 S.W.2d 458, 467 (Tex. 1969); Taylor v. Bair, 414 F.2d 815, 818 (5th Cir. 1969), wherein the Texas authorities are examined. See also, Bates v. Barclay, 484 S.W.2d 955, 959 (Tex.Civ.App.— Beaumont 1972, writ ref'd n. r. e.).

■ Although considering a case wherein plaintiff's judgment had been set aside by an appellate court, the Supreme Court of the United States set out the rule applicable to *all* FELA cases in Dennis v. Denver & Rio Grande Western R. Co., 375 U.S. 208, 210, 84 S.Ct. 291, 293, 11 L.Ed.2d 256 (1963), in this manner:

> "[I]n FELA cases this Court has repeatedly held that where 'there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion.' Lavender v. Kurn, supra, 327 U.S. [645] at 653, 66 S.Ct. [740] at 744, 90 L.Ed. [916] at 923."

The foregoing rule, applicable to FELA cases, states the rule prevailing in Texas as borne out by this short quotation from Benoit v. Wilson, 150 Tex. 273, 239 S.W. 2d 792, 796–797 (1951):

> "The jury is the exclusive judge of the facts proved, the credibility of the witnesses and the weight to be given to their testimony. * * * The jury had the sole right to believe all or any part of petitioner's testimony. It had the right to say, and reasonably so, that from all the facts and circumstances in this case, we, the jury, do not believe * * * your testimony."

■ Having reviewed the record, we are of the opinion that the plaintiff did not establish, as a matter of law, the causal relationship between the alleged negligence and his injury and damage.

Plaintiff could not prevail in his suit for damages unless he procured a finding of causation. Yet, he did not object to the acceptance of the jury verdict as incomplete and gave the trial court no opportunity of correcting the error (if such it was) in accepting the verdict with the issue unanswered. As was said in Continental Casualty Company v. Street, 379 S.W.2d 648, 650–651 (Tex.1964):

> "Only Street [plaintiff] could have benefitted from a reconsideration by the jury of the verdict as it was brought in. He was required to preserve any error there may have been on the part of the trial court in accepting the jury verdict with the particular issues unanswered. Lewis v. Texas Employers' Insurance Ass'n, 151 Tex. 95, 246 S.W.2d 599. This he did not do. The trial court had no alternative under the jury verdict but to render judgment for Petitioner [defendant], and Respondent [plaintiff-Street] waived any benefit he might have claimed under the unanswered issues, and any right he may have had to have them answered."

■ But, plaintiff now contends that Special Issue No. 3 is immaterial. This contention is likewise answered in *Street,* supra, on rehearing:

> "As stated in our previous opinion, respondent Street did not object to the issue and without doubt would have insisted on judgment in his favor had the issue been answered favorably to him. But the point is that he tried his case, at least in part, upon the theory represented by Issue 21, and he was not entitled to a new trial upon the later claim that the issue was immaterial and not controlling. Cf. Allen v. American National Insurance Company, Tex., 380 S.W.2d 604."

■ The unanswered question of causation went to the very heart of plaintiff's right to recover. The law is settled that

**898**

the right to complain of an incomplete verdict is waived by remaining silent while the court accepts the verdict and discharges the jury. Boyer v. Gulf, Colorado & Santa Fe Railway Company, 306 S.W.2d 215, 223, 80 A.L.R.2d 287 (Tex.Civ.App.— Houston 1957, writ ref'd n. r. e.) ; Weeks v. Heinrich, 447 S.W.2d 688, 694 (Tex. Civ.App.—Corpus Christi 1969, writ ref'd n. r. e.). See also, J. Jones, "Waiver of Unanswered and Conflicting Special Issues," 38 Texas L.Rev. 93 (1959).

Moreover, as said in *Boyer,* supra, followed in *Weeks,* supra:

"When appellants waived their right to have the jury further consider the verdict, with Special Issue No. 32 unanswered, and the Court subsequently rendered judgment in favor of the appellee denying a recovery by appellants, under Rule 279, T.R.C.P., it will be presumed that the trial court found appellee's negligence was not a proximate cause of the death of Daphne Edith Boyer." (*Boyer,* 306 S.W.2d at 223; *Weeks,* 447 S.W.2d at 694)

Point one is overruled.

■ Plaintiff's second point of error is directed to the court's admission of the testimony of defendant's witness, Yardmaster Witte, to the effect that the particular cut of cars in which the boxcar upon which plaintiff was injured was received by defendant from a connecting carrier. The witness said that particular cut of cars, or block, was destined for the same place; consequently, they were not broken or separated enroute to destination. Then, it was Witte's testimony that the switchman for the connecting line was the last person to have touched the particular anglecock which caused plaintiff's accident.

Plaintiff's specific objection does not appear in the statement of facts but by bill of exception approved by the Court a reason is given.[3] The objection was in general terms and the addition of the word "prejudicial" did not take it out of the general rule requiring the objection to be specific. See generally, J. Pope, "Presenting and Excluding Evidence," Trial Lawyers Forum, September-October, 1969 [reproduced in "Benchbook for Texas Trial Judges," Part I, p. 1.14.15 at 1.14.27, Texas Center for the Judiciary (1973)].

Plaintiff made no specific objection in the presence of the jury, he made no request of the court to instruct the jury not to consider the evidence, he filed no motion to strike the testimony, nor did he make a motion for mistrial. It has been held, in similar cases, that the plaintiff waived his right to complain by his failure to take any of the protective measures set out above. See, e. g., Harlow v. Swift and Company, 491 S.W.2d 472, 477 (Tex.Civ. App.—Eastland 1973, writ ref'd n. r. e.).

■ Assuming, without deciding, that the question of improper admission of the evidence is properly before us,[4] that plaintiff was under no duty to take any of the steps to eliminate the error (as set out in *Harlow,* supra), and that it was error to admit Witte's testimony, plaintiff is not *necessarily* entitled to a reversal of the

3. At the time plaintiff made his first objection, he did so in a "Bench Conference" out of the presence of the court reporter, whereupon the Court stated in the record: "The Plaintiff has a running objection to the introduction showing that the boxcars belong to another railroad." In the bill of exception, it is stated that the "plaintiff objected to the introduction of such testimony on the grounds that such testimony was immaterial to any issue in said cause and was highly prejudicial to the plaintiff's case because the admission of said testimony violated defendant's continuing and non-delegable duty to furnish safe equipment and the objections were overruled by the Court and the plaintiff was given a running objection to the introduction of such testimony."

4. Although Witte testified in November, 1973, the first *record* reference to a specific objection is found in the bill of exception filed more than seven months thereafter, on June 20, 1974, some forty days *after* his amended motion for new trial had been overruled by operation of law.

judgment. An appellate court is authorized to reverse a judgment because of an error on the part of the trial court only when it is of the opinion that the error complained of amounted to such a denial of the rights of the party complaining as was reasonably calculated to cause and did cause the rendition of an improper judgment in the case.

In Gomez Leon v. State, 426 S.W.2d 562, 565 (Tex.1968), it was stated:

"Whether particular error was 'reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case' is always a judgment call to be made according to the reviewing court's 'opinion' from a review of the entire record in the case."

The testimony of Witte did not go to the issue of whether the failure on the part of the railroad to furnish plaintiff a safe place to work "was a cause, in whole or in part" of plaintiff's injuries. The most that can be drawn from Witte's testimony is that neither defendant nor its agents had touched the particular anglecock in question since receiving the cut of cars from the connecting carrier until plaintiff's accident. The Court charged, in the plainest of language, that the law imposed a non-delegable duty upon the part of the railroad to furnish plaintiff safe equipment with which to work; and, the jury, notwithstanding Witte's testimony, found that it failed to furnish safe equipment.

From the record as a whole, it is obvious that the testimony of Witte did not *cause* the rendition of an improper judgment. Witte did not speak to the issue of causation and the jury properly disregarded his testimony in answer to Special Issue No. 2. The failure of the jury to answer the causation issue may be attributable to the error of the court in conditioning causation upon a finding of negligence in Special Issue No. 3; but it cannot be attributed to Witte's evidence. The mechanical construction of the charge (to which plaintiff addressed no objections), and not Witte's testimony, led to an incomplete verdict (to which plaintiff made no objection), and the unfavorable judgment.

 The rule governing the question is set out in Bridges v. City of Richardson, 163 Tex. 292, 354 S.W.2d 366, 368 (1962):

"If evidence is erroneously admitted, error exists; if its admission was not reasonably calculated to cause and probably did not cause an improper judgment, it is still error but is not *reversible* error. The question of whether a particular error is reversible error depends upon whether it was reasonably calculated to cause and probably did cause an improper judgment and presupposes the existence of error." (emphasis in original, citations omitted)

Having reviewed the record, we hold that even if plaintiff had not waived his right to complain of the admission of the testimony, no reversible error is shown because the testimony was not calculated to cause and probably did not cause the rendition of an improper judgment. *Bridges,* supra; *Harlow,* supra. Point two is overruled.

We find no merit to plaintiff's third point of error—the "cumulative effect of each of the errors aforesaid [points one and two] and of all the errors committed during the trial." We have found no reversible error in points one and two and are not inclined to search the record to determine if there might be other "errors" lurking in counsel's mind which he has neglected to assign. Point three is overruled.

The judgment of the trial court is affirmed.