### WALKER v. AMBERG. (No. 6967.)

(Court of Civil Appeals of Texas. Austin. May 5, 1926.)

**1. Appeal and error ⬅️759—Appellant's brief will be considered, though it contains no assignments of error, where motion for new trial raised questions presented (Court of Civil Appeals rule 32; Rev. St. 1925, art. 1844).**

Appellant's brief will be considered on appeal, even though it contains no assignments of error, notwithstanding Court of Civil Appeals rule 32, where motion for new trial raised questions presented by appeal, in view of Rev. St. 1925, art. 1844.

**2. Landlord and tenant ⬅️233(2)—Issues presented in tenant's counterclaim, in action for rent, held for jury, where rental value was disputed, and mistakes in credits, and delivery of certain cotton and money to plaintiff, were alleged.**

Issues presented in tenant's counterclaim, in action for rent, *held* for jury, where rental value was disputed, and mistakes in credits, and delivery of certain cotton and money to plaintiff, were alleged.

**3. Trial ⬅️356(7)—In landlord's action for rent, court's refusal to require jury to answer special issue as to amount he advanced tenant to enable him to make crop held reversible error.**

In landlord's action for rent, court's refusal to require jury to answer special issue as to amount he advanced tenant to enable him to make crop *held* reversible error.

**4. Landlord and tenant ⬅️223(2)—Net amount to tenant's credit with firm of which landlord was member, and which made advances to tenant, may be offset against landlord's claim for rent and advances.**

Where landlord was member of firm which made advances to tenant who delivered crop to store where proceeds, after deducting rent, advances and other expenses, were credited to tenant, net amount to tenant's credit with firm

may be offset against landlord's personal claim for rent and advances.

**5. Set-off and counterclaim ⬅️44(2).**

Ordinarily, amount due from firm cannot be set off against individual claim of member thereof.

Appeal from Fayette County Court; Theo. W. Lueders, Judge.

Action by H. Amberg against Charles Walker, in which defendant filed cross-action. Judgment for plaintiff in justice court and on trial de novo in county court, and defendant appeals. Reversed and rendered in part, and in part remanded.

John P. Ehlinger, of La Grange, for appellant.

Geo. Willrich, of La Grange, for appellee.

McCLENDON, C. J. Amberg sued Walker in justice court for $100 rent and advances, and sued out a distress warrant, which was levied on certain crops. Walker disputed the amount of rental and advances, pleaded payment, and additionally sued Amberg on a cross-action. The cause was appealed to the county court, where it was tried de novo to a jury on special issues, and judgment was rendered denying recovery on the cross-action, and awarding plaintiff the amount sued for with foreclosure of his landlord's lien on the distrained crops. Defendant has appealed.

[1] Counsel for appellee has filed a brief in which the only matter urged is that appellant's brief should not be considered because it contains no assignments of error, citing Court of Civil Appeals rule 32 and Bray v. Corsicana, 280 S. W. 609. Appellant filed no formal assignments of error, but filed a motion for new trial in the court below which raised the questions presented by the appeal. This motion is copied in appellant's brief. Appellee's objection to the brief fails to take into consideration that part of R. S. 1925, art. 1844, reading:

"Where a motion for new trial has been filed, the assignments therein shall constitute the assignments of error and need not be repeated by filing separate assignments of error."

The objection is manifestly without merit and is overruled.

Appellee's suit was based on two items: One of $55 for rent on 11 acres of corn land at $5 an acre, and the other $45 the asserted rental value of two mules furnished appellee to make a crop on the rented premises.

[2] Appellant's claim may be divided into three classes: First, he contended that the $55 rent item was reduced to the extent of $20 under agreement with appellant whereby appellee cultivated certain other land, so as to free it of Johnson grass, and he disputed the amount claimed as rental value of the mules; second, he asserted that he delivered

to appellant cotton and money of the net amount of $105.41 after deducting therefrom all rent and advances other than those sued for; third, he set up a counterclaim made up of various items of mistake in credits, overpayment, and usury in connection with rental contracts and adjustments for previous years amounting to $46.09, and damages by reason of unlawfully suing out the distress warrant amounting to $128. To these he added the balance $105.41 less $80 (being $45 for mule rent and $35 for corn land rent), making the total net amount of his counterclaim $46.09+$128+$25.31=$199.40.

The theory upon which the trial court declined to submit to the jury any issue regarding appellant's counterclaim is not disclosed. The evidence was sufficient, although not without conflict, to support every item asserted in the cross-action. A number of special issues upon the cross-action were requested by appellant; all of which were refused. Without discussing this phase of the case in detail, we sustain appellant's contention that the issues thus presented should be determined by jury.

[3] The court submitted to the jury eight special issues. The first was, what is the amount of advances made to defendant, Charles Walker, during the year 1924, by the plaintiff, H. Amberg, of the firm of H. Amberg, to enable the defendant, Charles Walker, to make a crop for the year 1924? To which the jury answered, "Don't know."

Under the other special issues the jury found: (2) That plaintiff agreed to let defendant have 4 acres of corn land free, if he would cultivate 6 acres of Johnson grass meadow; (3) that defendant did not cultivate the 6 acres as he agreed; (4) that defendant's cultivated acreage, other than cotton land, was 11; (5) that the rental price per acre was $5; (6) that defendant rented the mules as claimed by plaintiff; (7) that their rental value was $45; and (8) that "the total amount of cash, and the net proceeds, after deducting the rent, ginning, baling, and cash, which was left with H. Amberg, or the firm of H. Amberg by the defendant, Charles Walker, for the year 1924," was $340.44.

Appellant objected to the court's receiving this verdict, on the ground that an answer to the first special issue was essential to a determination of his rights. He requested that the jury be again retired, with instructions to answer the question. This being refused, appellant urged the failure to answer this question as ground for setting aside the verdict and ordering a new trial. We think the rulings of the court thus complained of constitute reversible error.

[4] The evidence showed the following: Appellee and one Schumacher were partners in the mercantile business under the firm name of H. Amberg. Appellee's arrangement with appellant relative to advances was that the latter was given a passbook and was allowed advances in cash and supplies at the firm store to the amount of $10 per month; the items being entered on the passbook at the time they were incurred. Cotton raised on the rented premises was to be delivered at the store, and the proceeds after deducting the rent, ginning, other expenses, and advances, was to be credited to appellant. The jury's answer to the eighth special issue found the amount of cotton turned over to the firm, less all the deductible items, except the advances represented by the store account. A finding on the latter item was called for in the first special issue, which, as above shown, the jury answered, "Don't know." There was some dispute in the testimony as to the amount of this store account. Appellant testified that the true amount was $186.30, as shown by his passbook. Appellee's testimony on this issue was as follows:

"He bought goods on a credit from the store after the last entry was made on the passbook and it was charged to him on the firm books. The amount of his credit purchases and other charges on the firm's books is $239.75 for the year 1924, and, even if this does show a balance due him for the year 1924, the firm of H. Amberg, consisting of myself and Mr. J. C. Schumacher, owe him that. The firm is solvent and can and will pay all that it owes. He did not pay over to me the rent for the corn land and for the mules for the year 1924, and was about to move the stuff from the place without paying the rent to me, and I sued out the distress warrant for the rents due me."

[5] The only question which the appeal presents on this branch of the case is whether, under the arrangement between appellant and appellee, the latter is entitled to have credited or offset the net amount to his credit with the firm against the claim for rent and advances sued upon. The only suggested theory for denying appellant this right is that contained in the contention of appellee in the above quotation from his testimony to the effect that the credit on the firm books constituted a firm debt which could not be offset against an individual claim of a member of the firm. The general proposition of law embraced in this contention is sound; but we think it does not apply to the transaction at bar. The arrangement by which appellee obtained advances at the firm store, and delivered thereat his crops did not constitute dealings between appellant and the firm as such. The firm was merely the agent of appellee in furnishing supplies and collecting rentals. All of the rentals on cotton land were collected, and all advances other than the mule rental were settled under this arrangement. The cotton delivered to the firm was charged with a landlord's lien to secure the rent and advances sued for, as well as other rentals and advances which accrued under the rental contract. Appellant had, if not actually in his individual possession, at least under his control, by virtue of this

arrangement made with his tenant, a sufficient fund to discharge the entire amount claimed by him. This fund was the proceeds of crops raised on the rented premises and was burdened with a landlord's lien to secure the very debt for which he sued. Under plaintiff's own admissions the claim he asserts was discharged by payment prior to the filing of his suit.

For the errors pointed out, the trial court's judgment is reversed, and judgment is here rendered that appellee take nothing by his suit against appellant. The cause is remanded for trial upon appellant's cross-action.

Reversed and rendered in part, and in part remanded.