## W. E. LEWIS, JUNIOR, V. TEXAS EMPLOYERS' INSURANCE ASSOCIATION.

No. A-3373. Decided February 6, 1952.
Rehearing overruled March 11, 1952.
(246 S. W., 2d Series, 599.)

96

*Bob Huff* and *J. H. Splawn, Jr.,* both of Lamesa, for petitioner.

The trial court did not err in overruling appellant's (insurance company) motion for new trial and in entering judgment on the verdict of the jury, when the jury had left unanswered a secondary issue as to partial incapacity, as a result of plaintiff injuries, after they had awarded him total disability. Traders & Gen. Ins. Co. v. Peterson, 87 S. W. 2d 322; United Emp. Casualty Co. v. Bezdek, 146 S. W. 2d 473; Industrial Acc. Bd. v. Miears, 227 S.W. 2d 571.

*Crenshaw, Dupree & Milam* and *Max Addison,* all of Lubbock, for respondent.

There being sufficient testimony submitted to raise the issue of whether petitioner's disability was less than total, the Court of Civil Appeals did not err in reversing the judgment of the trial court. Texas Emp. Ins. Ass'n. v. Kelly, 71 S.W. 2d 901; 132 Texas, 172, 123 S. W. 2d 314; Texas Fire and Casualty Underwriters v. Watson, 126 S.W. 2d 496.

MR. JUSTICE WILSON, delivered the opinion of the Court.

The parties will be referred to as in the trial court where W. E. Lewis, Jr., was plaintiff in a workmen's compensation suit against the Texas Employers' Insurance Association. Plaintiff secured a judgment in the trial court which has been reversed and remanded by the Court of Civil Appeals because the jury failed to answer the issues submitting partial disability. 241 S. W. 2d 960.

Upon receiving the verdict from the jury, the trial judge began to read aloud in open court in the presence of the jury the entire verdict including each issue and answer. After he had read through the second and third issues, counsel for defendant suggested that the trial judge read answers only. Since this was agreeable to all parties the trial judge did not thereafter read aloud the issues but read only the issue numbers and the answers. When he came to the partial disability issues he said aloud the words "no answer." No objection was made that the verdict was incomplete. No request was made that the verdict not be accepted or that the jury be instructed to retire and complete their verdict. No objection was made to the trial judge's acceptance of the verdict. The jury was discharged. The following day the trial judge's attention was called to the fact that the verdict was incomplete and objection was made to the entry of judgment. The trial court subsequently entered judgment for the plaintiff. The Court of Civil Appeals reversed this case because of the jury's failing to answer the partial disability issues and in so doing held that there was no waiver of the error by the defendant since there was no evidence that there was an "intentional relinquishment of a known right."

1 For the trial judge upon request to have refused to require the jury to reconsider the verdict and, if possible, answer these issues may have been reversible error. Rules 290 and 295, T.R.C. P. Blanton v. E. & L. Transport Co., 146 Texas 377, 207 S.W. 368. But that is not the question presented here. Ordinarily a procedural error must be preserved by timely action by the party

complaining. This is true because a trial judge can usually correct his procedural errors if they are brought to his attention.

The first question presented here is whether this error must be preserved in order to be considered. We hold that it must be preserved to be reviewed on appeal.

**2**  Defendant contends that the trial court had no authority to enter a judgment upon this verdict. There is a difference between error which may enter into a jury verdict (such as misconduct) and error depriving a party of a jury trial. The issues on partial disability in the case at bar were issues supporting an alternative and lesser measure of damages to the issues on total disability. Although issues on partial disability were raised by the pleadings and evidence it would not have been error for the trial judge to leave them out of his charge had neither party requested their submission. Upon the jury's returning the incomplete verdict, either party could have expressly waived a further consideration of the verdict by the jury. The issues answered by the jury support each element of the plaintiff's cause of action establishing liability and also provide a measure of damages. There are not inconsistent findings one of which the trial judge had to ignore in order to render judgment. In entering judgment here, therefore, the trial judge did not usurp the function of the jury in violation of the Constitution.

**3**  Defendant relies upon Panhandle & S. F. Ry. Co. v. Sutton, 125 Texas 401, 81 S. W. 2d 1005, which holds that all material issues must be submitted and answered. This rule correctly states the rights of the parties when initially confronted by an incomplete verdict. The question at bar is not whether the trial court committed error but whether that error must be preserved by timely objection in order to be reviewed on appeal.

**4**  The defendant cites many cases in support of its proposition that a trial court has no authority to render judgment upon any incomplete verdict. Such a general proposition is not correct. Some of these cases discuss "no authority" as fundamental error. Cases discussing fundamental error decided before the adoption of the Rules of Civil Procedure in 1941 must be considered in the light of changes in the concept of fundamental error made by the adoption of the new rules. Ramsey v. Dunlop, 146 Texas 196, 205 S. W. 2d 979; Worden v. Worden, 148 Texas 356, 224 S. W. 2d 187; Boyd v. Texas Emp. Ins. Ass'n., CCA, 207 S.W. 2d 709; wr. er. refused; Pozos v. Rivero, 225 S. W. 2d 1017; Hartford Accident & Ins. Co. v. Morris, 233 S. W. 2d 218.

**5** The second question in the case at bar is whether the defendant had the burden of preserving the error. We hold that it did have.

The jury having answered the total disability issues ,the plaintiff ceased to have any interest in partial disability except that of preventing a conflict in the verdict. The defendant was the party aggrieved by the verdict in the condition in which it was returned, for if these issues had been answered in the affirmative, there would have been a conflict which would have required the jury to reconsider the entire verdict. This might have resulted in the jury upon reconsideration changing its answers on the total disability issues and returning a consistent verdict of partial but not total disability. Undoubtedly the defendant was the only party which might benefit by securing a reconsideration by the jury.

**6** The third question is whether the defendant preserved the error for appellate review. We hold that it did not.

If the trial judge was to correct the defect he had to do it before the jury was discharged. The policy underlying our rules is that for most procedural errors to be considered on appeal the defendant must by timely objection give the trial judge a chance to correct his errors. The verdict was received and the jury was discharged before the error was brought to the attention of the trial judge. Defendant contends that it was not required to object until the trial court attempted to enter judgment upon the verdict and that it did timely object to the rendition of judgment upon an incomplete verdict. This suggested procedure is fundamenetally faulty in that it does not allow the trial judge to correct his error before the jury is discharged. The first official act of a trial judge following a jury's return of a verdict in open court is the acceptance of the verdict and discharge of the jury. Under our procedure a party dissatisfied with a verdict has ample opportunity to present the matter to the trial judge before the verdict is officially accepted and the jury discharged. He has the duty to do so. In this situation, where the verdict is not conflicting and finds facts which support all the elements necessary for a judgment, the error is not preserved unless brought to the trial judge's attention in time to have the jury reconsider and complete their verdict. If the trial judge then erroneously accepts a verdict, the dissatisfied party can perfect his appeal. Daniels v. Franklin, on Rehearing, CCA 1921, 233 S. W. 380; no writ history; and Walker v. Amberg, CCA, 1926, 284 S. W. 334.

We have considered the cases of Texas Employers' Ins. Ass'n. v. Horn, CCA 1934, 75 S. W. 2d 301, no writ history; and Traders & General Ins. Co. v. Patton, CCA 1936, 92 S. W. 2d 1083, wr. er. dismissed; and have concluded that on this point they are incorrectly decided.

Accordingly, the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed. The costs are taxed against the respondent (defendant below).

Delivered February 6, 1952.