NO. 07-00-0458-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 7, 2001


 

______________________________




RUDY D. PENA , JR., APPELLANT



V.



AMARILLO BOWL, INC., APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 82516-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Appellant Rudy D. Pena, Jr., appeals from a take-nothing judgment in his suit
against appellee Amarillo Bowl, Inc., for personal injuries. Appellant urges that the trial
court erred in failing to grant a new trial because the jury's verdict was incomplete and/or
inconsistent. We affirm.


BACKGROUND

 Appellant slipped and fell while bowling at appellee's place of business. He suffered
a broken ankle and sued appellee for negligence. 

 The case was tried to a jury. Jury Question No. 1, in a broad-form submission,
directed the jury to find whether the negligence, if any, of appellant or appellee proximately
caused the occurrence or injury in question. (1) The jury was directed to answer "Yes" or "No"
as to both appellant and appellee, and was provided a blank to answer for each party. Jury
Question No. 2 was conditioned on a "Yes" answer as to more than one of the parties in
Question No. 1. Question No. 2 instructed the jury to find the percentage of negligence
attributable to appellant and appellee if, in answer to Question 1, both had been found
negligent in causing the occurrence. Jury Question No. 3 instructed the jury to find what
sum of money, if any, would fairly and reasonably compensate appellant for his injuries
resulting from the occurrence. The damages elements of past and future physical pain and
mental anguish, loss of earning capacity, disfigurement, physical impairment and medical
care were submitted separately. Question 3 was not conditioned on a finding of liability,
that is, a "Yes" answer to either Question 1 or 2. See PJC 8.1, Comment; PJC 8.2. Jury
Question No. 4 submitted the question of appellee's gross negligence, conditioned on a
finding in answer to Question 1 that appellee's negligence proximately caused the
occurrence. Question No. 5 submitted the amount of exemplary damages, if any, to be
awarded for any gross negligence found by the jury in answer to Question 4. 

 The jury returned a unanimous verdict. The trial court received the written charge
from the jury, then read aloud and confirmed the verdict in open court:

 THE COURT: Counsel, with respect to Question Number 1 Subsection
1 as to Rudy Pena, the answer is no. As to Amarillo Bowl,
Incorporated, the answer is no.

 Question 2, of course, is blank.

 As to Question Number 3(a) is none, (b) is none, (c) is $3,500, (d) is
none, (e) is none, (f) is none, (g) is none, (h) is none, (i) is 7,885.56,
(j) is none.

 Number 5 is zero.

 Number 4 is blank.

 Did y'all not - mean not to answer that either yes or no, Ms.
[Presiding juror]?

 

 PRESIDING JUROR: It's no because we answered no to Number 1.


 THE COURT: Okay. I just wanted to make sure. That would be your-it is a unanimous verdict. 

 Ladies and gentlemen, let me ask you with respect to Question
Number 4 with respect to the gross negligence. Is it your answer, all
of you, that that would be no.


 JURY PANEL: Nods head [sic] affirmatively.

 

 THE COURT: That is unanimous. I see everybody nodding their head that it would be no. 

 All right. And as I said, it is a unanimous verdict, Counsel, signed by
the presiding juror. 


 The trial court then thanked the jury members for their service, released them from
their prior instructions not to discuss the case, and gave instructions how jurors who
needed letters documenting their jury service could obtain those letters from the clerk. The
court then allowed the jury to leave. Neither appellant nor appellee sought to examine the
jury charge on which the verdict was written, objected to receipt of the verdict or manner
in which the court received or confirmed it, or requested that the jury be individually polled
as to the verdict.

 Appellant filed a Motion for New Trial. In it he referenced a note the jury sent out
during deliberations which asked "If we find Amarillo Bowl was not negligent can we still
ask for monetary compensation for Mr. Pena?" The Motion for New Trial likewise
referenced the jury's answer to Question No. 1 which had the word "No" superimposed
over a question mark in the answer blank for Amarillo Bowl. Appellant's motion urged that
the jury (1) found that "both Rudy Pena and Amarillo Bowl were not responsible for the
accident," (2) "did not determine any of the parties responsible for the accident," (3)
apparently thought that damages for lost wages and medical expenses would be awarded
if no liability was found for either party, and (4) rendered a verdict in contradiction to the
evidence that Amarillo Bowl left oil on the approach to the bowling lane after being asked
to clean the substance up. The argument presented by the motion was to the effect that
the jury's liability answers to Question 1 conflicted with its damages answers to Question
3, and that the jury apparently thought that appellant's lost wages in the past and medical
expenses could be awarded regardless of liability. The trial court denied the motion. 

 Appellant's one issue urges that the trial court reversibly erred in refusing to grant
a new trial based on the jury's incomplete and/or inconsistent verdict. Appellant's
argument is twofold: (1) the jury's answer to Question 1 is unclear because of a clerical
error by the jury in placing both a question mark and the word "No" in the answer blank for
Amarillo Bowl; and (2) assuming the jury found no liability for the occurrence as to Amarillo
Bowl in response to Question 1, such answer is in fatal conflict with the jury's finding of
damages in response to Question 3. 

 Appellee asserts that the trial court did not abuse its discretion in denying the Motion
for New Trial because (1) there was no clerical error by the jury in recording its answers
to the jury questions, and (2) the jury's answers were not in conflict. Appellee also urges
that appellant neither preserved error for review by making timely objection in the trial court
as to the alleged clerical error or the alleged conflict in answers to the jury questions, nor 
raised the question of clerical error by the jury in his Motion for New Trial. 

LAW

 The decision whether to grant a motion for new trial is addressed to the trial court's
discretion, and the court's ruling will not be disturbed on appeal absent a showing of an
abuse of discretion. See Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex.
1987); Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). An abuse of discretion does
not exist if the trial court bases its decision on conflicting evidence and some evidence
reasonably supports the trial court's decision, or if some evidence in the record shows the
trial court followed guiding rules and principles. See In re Epic Holdings, Inc., 985 S.W.2d
41, 57 (Tex. 1998). 

 When the jury returns its verdict, the verdict is to be read aloud in court. Tex. R. Civ.
P. 293. (2) If the verdict is in proper form, no juror objects to its accuracy, no juror
represented as agreeing to the verdict dissents therefrom, and neither party requests a poll
of the jury, the verdict is to be entered on the minutes of the court. Id. Any party has the
right to have the jury polled as to the verdict. TRCP 294. If any juror supposedly agreeing
to the verdict as read responds in the negative when polled, the jury shall be retired for
further deliberations. Id. 

 If the jury's purported verdict is defective, the trial court may direct it to be reformed. 
TRCP 295. If the verdict is incomplete, not responsive to the jury charge questions or if
the answers to the questions are in conflict, then the court shall give further proper written
instructions and retire the jury for further deliberations. Id. A timely request or objection
to the trial court specifying the objecting party's complaint is required in order to preserve
error for appellate review. Tex. R. App. P. 33.1(a)(1)(A). (3)

 The trial court's duty is to ascertain the intention of the jury's answers, harmonize
or reconcile the answers and issues and render a judgment in conformity with them. See
State v. Hale, 136 Tex. 29, 41, 146 S.W.2d 731, 739 (1941). A fatal conflict between
answers to jury questions occurs if, considering one answer alone, a judgment should be
entered in favor of the plaintiff; but considering another answer alone, judgment should be
entered in favor of the defendant. See Little Rock Furn. Mfg. Co. v. Dunn, 148 Tex. 197,
206, 222 S.W.2d 985, 991 (1949). Appellate courts are mandated to try to interpret jury
findings in such manner as to uphold the trial court judgment. See First Fed. Sav. & Loan
Ass'n of Dallas v. Sharp, 359 S.W.2d 902, 903 (Tex. 1962). ANALYSIS

A. Clerical Error in Jury's Answer 

 After the jury returned its verdict the trial court read the jury's answers out loud in
the presence of the jury and both parties. The verdict was unanimous. The answer which
was read for Question 1 as to Amarillo Bowl was "no." No juror dissented. Later, the
presiding juror stated to the trial judge during a discussion as to Question 4 that the jury's
answer to Question 1 was "no." No juror dissented from such statement by the presiding
juror. The jury was instructed to answer "Yes" or "No" as to Question 1 and the verdict
form reflects the word "No" written in the proper blank for the answer to Question 1 as to
Amarillo Bowl. Although a question mark is also in the answer blank, either placed over
or under the written word "No," there is evidence to support the trial court's conclusion that
the jury intended to and did follow the court's instructions in the jury charge when it placed
"No" in the blank as its answer as to Amarillo Bowl. 

 Following the reading of the jury's verdict and the trial court's discussion with the
presiding juror and inquiries of the remaining jurors as to the answers to the questions, the
trial judge addressed the jurors at some length before discharging them. Appellant did not,
during that time, request permission to review the verdict form, request that the jury be
polled, or lodge any objection to the proceedings. Appellant now asserts that the jury was
discharged before he had opportunity to make such requests or to lodge objections; the
record does not support his position. It was appellant's burden to timely and specifically
object to the trial court in order to preserve error for appeal or to request that the trial court
grant opportunity for appellant to take actions such as reviewing the original jury charge
form or making timely objections; it was not the trial court's burden to assure that appellant
had no objections before discharging the jury. See TRAP 33.1(a)(1)(A); TRAP 44.1(a)(2); 
Lewis v. Texas Emp. Ins. Ass'n, 151 Tex. 95, 99, 246 S.W.2d 599, 601 (1952). 

 The trial court's duty is to ascertain the intention of the jury's answers and render
a judgment in conformity with them. See Hale, 136 Tex. at 41, 146 S.W.2d at 739. We
do not perceive that the trial court violated any of the Rules of Civil Procedure or any other
guiding rule or principle in receiving and confirming the jury's verdict. See TRCP 293, 294. 
The record does not reflect that the trial court abused its discretion in overruling appellant's
Motion for New Trial on the basis that a clerical error was made by the jury in its answer
to Question 1. Moreover, appellant has not preserved error for appellate review as to such
contention. See Lewis, 151 Tex. at 99, 246 S.W.2d at 601. 

B. Conflicting Answers to Jury Questions 

 Appellant also asserts that, even assuming the jury found no liability for the
occurrence as to Amarillo Bowl in response to Question 1, such answer is in fatal conflict
with the jury's finding of damages in response to Question 3. We disagree. 

 Question 3 asked, independent of any other question in the jury charge, as to
amounts of money, if any, which would fairly and reasonably compensate appellant for
injuries from the occurrence. It was not submitted conditioned on a "Yes" answer to
Question 1 as to appellee, nor on any other negligence or proximate cause finding by the
jury. Question 3 did not contain any negligence or proximate cause references internally. 

 To recover from appellee, appellant had the burden to prove and obtain findings that
appellant was negligent and that such negligence was a proximate cause of injury to
appellant. See, e.g., Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983). 
It follows that an injured person is not allowed to recover judgment for damages from a
defendant in the absence of liability findings against the defendant, see Turner v. Lone Star
Indus., Inc., 733 S.W.2d 242, 246 (Tex.App-Houston [1st Dist] 1987, writ ref'd n.r.e.). 
Damages findings in the absence of liability findings are immaterial. Id. 

 Considering the jury's answer to Question 3 alone, judgment was properly entered
in favor of appellee because appellant did not secure a finding that appellant was liable to
him. Considering the jury's answer to Question 1 alone, judgment was properly entered
in favor of appellee because appellant did not secure a finding that appellant was liable to
him. Thus, the jury's answers to Questions 1 and 3 are not in conflict. See Little Rock
Furn. Mfg. Co., 222 S.W.2d at 991. Regardless of whether appellant would be able to
assert appellate error based on his first asserting a conflict in jury answers via a motion for
new trial, we find his assertion that the jury's answers to Questions 1 and 3 were in fatal
conflict is without merit. We overrule appellant's issue. CONCLUSION

 Having overruled appellant's sole issue, we affirm the judgment of the trial court.

 




 Phil Johnson

 Justice




Publish. 
1. The jury question read: "Did the negligence, if any, of those named below
proximately cause the occurrence or injury in question?" See Texas Pattern Jury
Charges PJC 4.1 (2000). Further references to the Pattern Jury Charges will be by
reference to "PJC_." 
2. A rule of civil procedure will be referred to hereafter as "TRCP_."
3. A rule of appellate procedure will be referred to hereafter as "TRAP_."