NO. 07-00-0458-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 7, 2001

_____


RUDY D. PENA , JR., APPELLANT

V.

AMARILLO BOWL, INC., APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 82516-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Rudy D. Pena, Jr., appeals from a take-nothing judgment in his suit against appellee Amarillo Bowl, Inc., for personal injuries. Appellant urges that the trial court erred in failing to grant a new trial because the jury's verdict was incomplete and/or inconsistent. We affirm.

BACKGROUND

Appellant slipped and fell while bowling at appellee's place of business. He suffered a broken ankle and sued appellee for negligence.

The case was tried to a jury. Jury Question No. 1, in a broad-form submission, directed the jury to find whether the negligence, if any, of appellant or appellee proximately caused the occurrence or injury in question.[1] The jury was directed to answer "Yes" or "No" as to both appellant and appellee, and was provided a blank to answer for each party. Jury Question No. 2 was conditioned on a "Yes" answer as to more than one of the parties in Question No. 1. Question No. 2 instructed the jury to find the percentage of negligence attributable to appellant and appellee if, in answer to Question 1, both had been found negligent in causing the occurrence. Jury Question No. 3 instructed the jury to find what sum of money, if any, would fairly and reasonably compensate appellant for his injuries resulting from the occurrence. The damages elements of past and future physical pain and mental anguish, loss of earning capacity, disfigurement, physical impairment and medical care were submitted separately. Question 3 was not conditioned on a finding of liability, that is, a "Yes" answer to either Question 1 or 2. See PJC 8.1, Comment; PJC 8.2. Jury Question No. 4 submitted the question of appellee's gross negligence, conditioned on a finding in answer to Question 1 that appellee's negligence proximately caused the

---

[1] The jury question read: "Did the negligence, if any, of those named below proximately cause the occurrence or injury in question?" See TEXAS PATTERN JURY CHARGES PJC 4.1 (2000). Further references to the Pattern Jury Charges will be by reference to "PJC_."

2

occurrence.  Question No. 5 submitted the amount of exemplary damages, if any, to be awarded for any gross negligence found by the jury in answer to Question 4.

The jury returned a unanimous verdict.  The trial court received the written charge from the jury, then read aloud and confirmed the verdict in open court:

> THE COURT: Counsel, with respect to Question Number 1 Subsection 1 as to Rudy Pena, the answer is no.  As to Amarillo Bowl, Incorporated, the answer is no.
>
> Question 2, of course, is blank.
>
> As to Question Number 3(a) is none, (b) is none, (c) is $3,500, (d) is none, (e) is none, (f) is none, (g) is none, (h) is none, (i) is 7,885.56, (j) is none.
>
> Number 5 is zero.
>
> Number 4 is blank.
>
> Did y'all not – mean not to answer that either yes or no, Ms. [Presiding juror]?
>
> PRESIDING JUROR: It's no because we answered no to Number 1.
>
> THE COURT: Okay.  I just wanted to make sure.  That would be your–it is a unanimous verdict.
>
> Ladies and gentlemen, let me ask you with respect to Question Number 4 with respect to the gross negligence.  Is it your answer, all of you, that that would be no.
>
> JURY PANEL: Nods head [sic] affirmatively.
>
> THE COURT: That is unanimous.  I see everybody nodding their head that it would be no.
>
> All right.  And as I said, it is a unanimous verdict, Counsel, signed by the presiding juror.

3

The trial court then thanked the jury members for their service, released them from their prior instructions not to discuss the case, and gave instructions how jurors who needed letters documenting their jury service could obtain those letters from the clerk. The court then allowed the jury to leave. Neither appellant nor appellee sought to examine the jury charge on which the verdict was written, objected to receipt of the verdict or manner in which the court received or confirmed it, or requested that the jury be individually polled as to the verdict.

Appellant filed a Motion for New Trial. In it he referenced a note the jury sent out during deliberations which asked "If we find Amarillo Bowl was not negligent can we still ask for monetary compensation for Mr. Pena?" The Motion for New Trial likewise referenced the jury's answer to Question No. 1 which had the word "No" superimposed over a question mark in the answer blank for Amarillo Bowl. Appellant's motion urged that the jury (1) found that "both Rudy Pena and Amarillo Bowl were not responsible for the accident," (2) "did not determine any of the parties responsible for the accident," (3) apparently thought that damages for lost wages and medical expenses would be awarded if no liability was found for either party, and (4) rendered a verdict in contradiction to the evidence that Amarillo Bowl left oil on the approach to the bowling lane after being asked to clean the substance up. The argument presented by the motion was to the effect that the jury's liability answers to Question 1 conflicted with its damages answers to Question 3, and that the jury apparently thought that appellant's lost wages in the past and medical expenses could be awarded regardless of liability. The trial court denied the motion.

Appellant's one issue urges that the trial court reversibly erred in refusing to grant a new trial based on the jury's incomplete and/or inconsistent verdict. Appellant's argument is twofold: (1) the jury's answer to Question 1 is unclear because of a clerical error by the jury in placing both a question mark and the word "No" in the answer blank for Amarillo Bowl; and (2) assuming the jury found no liability for the occurrence as to Amarillo Bowl in response to Question 1, such answer is in fatal conflict with the jury's finding of damages in response to Question 3.

Appellee asserts that the trial court did not abuse its discretion in denying the Motion for New Trial because (1) there was no clerical error by the jury in recording its answers to the jury questions, and (2) the jury's answers were not in conflict. Appellee also urges that appellant neither preserved error for review by making timely objection in the trial court as to the alleged clerical error or the alleged conflict in answers to the jury questions, nor raised the question of clerical error by the jury in his Motion for New Trial.

LAW

The decision whether to grant a motion for new trial is addressed to the trial court's discretion, and the court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. See Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987); Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). An abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and some evidence reasonably supports the trial court's decision, or if some evidence in the record shows the

5

trial court followed guiding rules and principles. See In re Epic Holdings, Inc., 985 S.W.2d 41, 57 (Tex. 1998).

When the jury returns its verdict, the verdict is to be read aloud in court. TEX. R. CIV. P. 293.[2]  If the verdict is in proper form, no juror objects to its accuracy, no juror represented as agreeing to the verdict dissents therefrom, and neither party requests a poll of the jury, the verdict is to be entered on the minutes of the court. Id. Any party has the right to have the jury polled as to the verdict. TRCP 294. If any juror supposedly agreeing to the verdict as read responds in the negative when polled, the jury shall be retired for further deliberations. Id.

If the jury's purported verdict is defective, the trial court may direct it to be reformed. TRCP 295. If the verdict is incomplete, not responsive to the jury charge questions or if the answers to the questions are in conflict, then the court shall give further proper written instructions and retire the jury for further deliberations. Id. A timely request or objection to the trial court specifying the objecting party's complaint is required in order to preserve error for appellate review. TEX. R. APP. P. 33.1(a)(1)(A).[3]

The trial court's duty is to ascertain the intention of the jury's answers, harmonize or reconcile the answers and issues and render a judgment in conformity with them. See State v. Hale, 136 Tex. 29, 41, 146 S.W.2d 731, 739 (1941). A fatal conflict between answers to jury questions occurs if, considering one answer alone, a judgment should be

---

[2]A rule of civil procedure will be referred to hereafter as "TRCP_."

[3]A rule of appellate procedure will be referred to hereafter as "TRAP_."

entered in favor of the plaintiff; but considering another answer alone, judgment should be entered in favor of the defendant.  See Little Rock Furn. Mfg. Co. v. Dunn, 148 Tex. 197, 206, 222 S.W.2d 985, 991 (1949).  Appellate courts are mandated to try to interpret jury findings in such manner as to uphold the trial court judgment.  See First Fed. Sav. & Loan Ass'n of Dallas v. Sharp, 359 S.W.2d 902, 903 (Tex. 1962).

ANALYSIS

A.  Clerical Error in Jury's Answer

After the jury returned its verdict the trial court read the jury's answers out loud in the presence of the jury and both parties.  The verdict was unanimous.  The answer which was read for Question 1 as to Amarillo Bowl was "no."  No juror dissented.  Later, the presiding juror stated to the trial judge during a discussion as to Question 4 that the jury's answer to Question 1 was "no."  No juror dissented from such statement by the presiding juror.  The jury was instructed to answer "Yes" or "No" as to Question 1 and the verdict form reflects the word "No" written in the proper blank for the answer to Question 1 as to Amarillo Bowl.  Although a question mark is also in the answer blank, either placed over or under the written word "No," there is evidence to support the trial court's conclusion that the jury intended to and did follow the court's instructions in the jury charge when it placed "No" in the blank as its answer as to Amarillo Bowl.

Following the reading of the jury's verdict and the trial court's discussion with the presiding juror and inquiries of the remaining jurors as to the answers to the questions, the trial judge addressed the jurors at some length before discharging them.  Appellant did not,

7

during that time, request permission to review the verdict form, request that the jury be polled, or lodge any objection to the proceedings. Appellant now asserts that the jury was discharged before he had opportunity to make such requests or to lodge objections; the record does not support his position. It was appellant's burden to timely and specifically object to the trial court in order to preserve error for appeal or to request that the trial court grant opportunity for appellant to take actions such as reviewing the original jury charge form or making timely objections; it was not the trial court's burden to assure that appellant had no objections before discharging the jury. See TRAP 33.1(a)(1)(A); TRAP 44.1(a)(2); Lewis v. Texas Emp. Ins. Ass'n, 151 Tex. 95, 99, 246 S.W.2d 599, 601 (1952).

The trial court's duty is to ascertain the intention of the jury's answers and render a judgment in conformity with them. See Hale, 136 Tex. at 41, 146 S.W.2d at 739. We do not perceive that the trial court violated any of the Rules of Civil Procedure or any other guiding rule or principle in receiving and confirming the jury's verdict. See TRCP 293, 294. The record does not reflect that the trial court abused its discretion in overruling appellant's Motion for New Trial on the basis that a clerical error was made by the jury in its answer to Question 1. Moreover, appellant has not preserved error for appellate review as to such contention. See Lewis, 151 Tex. at 99, 246 S.W.2d at 601.

### B. Conflicting Answers to Jury Questions

Appellant also asserts that, even assuming the jury found no liability for the occurrence as to Amarillo Bowl in response to Question 1, such answer is in fatal conflict with the jury's finding of damages in response to Question 3. We disagree.

8

Question 3 asked, independent of any other question in the jury charge, as to amounts of money, if any, which would fairly and reasonably compensate appellant for injuries from the occurrence. It was not submitted conditioned on a "Yes" answer to Question 1 as to appellee, nor on any other negligence or proximate cause finding by the jury. Question 3 did not contain any negligence or proximate cause references internally.

To recover from appellee, appellant had the burden to prove and obtain findings that appellant was negligent and that such negligence was a proximate cause of injury to appellant. See, e.g., Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983). It follows that an injured person is not allowed to recover judgment for damages from a defendant in the absence of liability findings against the defendant, see Turner v. Lone Star Indus., Inc., 733 S.W.2d 242, 246 (Tex.App–Houston [1st Dist] 1987, writ ref'd n.r.e.). Damages findings in the absence of liability findings are immaterial. Id.

Considering the jury's answer to Question 3 alone, judgment was properly entered in favor of appellee because appellant did not secure a finding that appellant was liable to him. Considering the jury's answer to Question 1 alone, judgment was properly entered in favor of appellee because appellant did not secure a finding that appellant was liable to him. Thus, the jury's answers to Questions 1 and 3 are not in conflict. See Little Rock Furn. Mfg. Co., 222 S.W.2d at 991. Regardless of whether appellant would be able to assert appellate error based on his first asserting a conflict in jury answers via a motion for new trial, we find his assertion that the jury's answers to Questions 1 and 3 were in fatal conflict is without merit. We overrule appellant's issue.

9

CONCLUSION

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Phil Johnson
Justice


Publish.