NO. 07-03-0172-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 9, 2003


______________________________



JIMMY BARELA
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,848-D; HON. DON EMERSON, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Jimmy Barela, by and through his attorney, has filed a motion to dismiss
this appeal because he no longer desires to prosecute it. The cause was previously
abated; we now reinstate it. Without passing on the merits of the case, we grant the
motion to dismiss pursuant to Texas Rule of Appellate Procedure 42.1(a)(2) and dismiss
the appeal. Having dismissed the appeal at appellant's request, no motion for rehearing
will be entertained, and our mandate will issue forthwith.

 Brian Quinn

Do not publish. Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



 of that special appearance. See Tex. Civ. Prac. & Rem. Code
Ann. §51.014(a)(7) (Vernon Supp. 2004-05).

 Following Henry's perfection of his appeal, the parties stipulated to the relevant non-jurisdictional facts involved in this case. That stipulation was accepted by the trial court. 
On the basis of the stipulated facts and while this interlocutory appeal was pending,
Flintrock filed a motion for summary judgment in which it asserted the stipulations removed
any genuine issue of material fact and established that it was entitled to judgment as a
matter of law. Henry filed no response to this motion and did not appear at the hearing on
the motion. On June 22, 2004, the trial court granted Flintrock summary judgment in the
amount of $11,170.94 plus pre- and post-judgment interest, court costs and attorney fees. 
Because Henry did not appeal this judgment, it has become final as a matter of law. See

Tex. R. App. P. 26.1.

 Following the trial court's rendition of judgment, Flintrock has filed a motion to
dismiss this appeal in which it contends this interlocutory appeal was rendered moot by the
trial court's final judgment. Although given an opportunity to do so, Henry has not filed a
response to the motion.

 Generally, a judgment must be final in order for a party to pursue an appeal of the
judgment. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). However,
an interlocutory appeal of the denial of a special appearance is statutorily authorized and
stays the commencement of trial pending resolution of the appeal. See Tex. Civ. Prac. &
Rem. Code Ann. §51.014(a)(7) & (b) (Vernon Supp. 2004-05).

 Section 51.014(b) allows no room for trial court discretion and, if applicable, a stay
must be granted by the trial court if requested. See Lee-Hickman's Invs. v. Alpha Invesco
Corp., 139 S.W.3d 698, 702 (Tex. App.-Corpus Christi 2004, no pet.); Sheinfeld v. Bellush,
61 S.W.3d 437, 439 (Tex. App.-San Antonio 2001, no pet.). However, the failure to inform
the trial court of the operation of this stay waives any error that the trial court may have
committed by failing to stay the trial. See Lewis v. Texas Employers' Ins. Ass'n, 151 Tex.
95, 246 S.W.2d 599, 600 (1952) (a procedural error must ordinarily be timely presented to
the trial court so as to allow it to correct the procedural error). (2) We conclude that any error
the trial court committed by not staying the commencement of the pending resolution of the
present interlocutory appeal was waived by the failure of Henry to timely inform the trial
court of the application of the stay provision of section 51.014(b).

 Additionally, Henry has failed to timely perfect a direct appeal of the summary
judgment in this case. (3) See Tex. R. App. P. 26.1. Consequently, our review is limited to
a determination of whether the summary judgment was void under the circumstances of
this case. We conclude that Henry's waiver of the statutory stay removed any bar to the
trial court's final judgment. That being true, the final judgment rendered Henry's
interlocutory appeal moot. See Richards v. Mena, 820 S.W.2d 372, 373 (Tex. 1991) (final
judgment moots an appeal of temporary injunction); Lincoln Property Co. v. Kondos, 110
S.W.3d 712, 716 (Tex. App.-Dallas 2003, no pet.) (final judgment renders moot an appeal
of class certification). 

 For the reason we have stated above, this appeal is moot and must be, and is
hereby, dismissed.



 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. See also Siebenmorgen v. Hertz Corp., No. 14-97-01012-CV, 1999 Tex. App. Lexis
311 at 9 (Tex. App.-Houston [14th Dist.] Jan. 21, 1999, no pet.) (not designated for
publication) (if a plaintiff fails to inform the trial court of section 51.014(b) and allows the
court to proceed to trial, the plaintiff waives the right to object or request any relief on
appeal).
3. Although Henry did file a motion for new trial in which he asserted the stay as
precluding final judgment, nothing in the record shows that a hearing was held on the
motion and, by operation of law, the motion has been overruled. See Tex. R. Civ. P.
329b(c).