NO. 07-04-0224-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 1, 2005

_____

JERRY HENRY, APPELLANT

v.

FLINTROCK FEEDERS, LTD., APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF HANSFORD COUNTY;

NO. 4669; HON. WILLIAM D. SMITH, PRESIDING

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

**Memorandum Opinion**

In this appeal, appellant Jerry Henry challenges an interlocutory order entered by the trial court denying his special appearance filed pursuant to Texas Rule of Civil Procedure 120a. For reasons hereinafter stated, we dismiss the appeal as moot.

In the suit underlying this appeal, appellee Flintrock Feeders, Ltd. (Flintrock) filed suit against Henry seeking recovery for amounts allegedly overpaid Henry in a cattle

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

purchase transaction. In response, Henry, a resident of Arkansas, filed a special appearance alleging that Texas had no personal jurisdiction over him because all aspects of the transaction directly involving him occurred in Arkansas. Henry brings this appeal from the trial court's denial of that special appearance. *See* Tex. Civ. Prac. & Rem. Code Ann. §51.014(a)(7) (Vernon Supp. 2004-05).

Following Henry's perfection of his appeal, the parties stipulated to the relevant non-jurisdictional facts involved in this case. That stipulation was accepted by the trial court. On the basis of the stipulated facts and while this interlocutory appeal was pending, Flintrock filed a motion for summary judgment in which it asserted the stipulations removed any genuine issue of material fact and established that it was entitled to judgment as a matter of law. Henry filed no response to this motion and did not appear at the hearing on the motion. On June 22, 2004, the trial court granted Flintrock summary judgment in the amount of $11,170.94 plus pre- and post-judgment interest, court costs and attorney fees. Because Henry did not appeal this judgment, it has become final as a matter of law. *See* Tex. R. App. P. 26.1.

Following the trial court's rendition of judgment, Flintrock has filed a motion to dismiss this appeal in which it contends this interlocutory appeal was rendered moot by the trial court's final judgment. Although given an opportunity to do so, Henry has not filed a response to the motion.

Generally, a judgment must be final in order for a party to pursue an appeal of the judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, an interlocutory appeal of the denial of a special appearance is statutorily authorized and

2

stays the commencement of trial pending resolution of the appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. §51.014(a)(7) & (b) (Vernon Supp. 2004-05).

Section 51.014(b) allows no room for trial court discretion and, if applicable, a stay must be granted by the trial court if requested. *See Lee-Hickman's Invs. v. Alpha Invesco Corp.*, 139 S.W.3d 698, 702 (Tex. App.–Corpus Christi 2004, no pet.); *Sheinfeld v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.–San Antonio 2001, no pet.). However, the failure to inform the trial court of the operation of this stay waives any error that the trial court may have committed by failing to stay the trial. *See Lewis v. Texas Employers' Ins. Ass'n,* 151 Tex. 95, 246 S.W.2d 599, 600 (1952) (a procedural error must ordinarily be timely presented to the trial court so as to allow it to correct the procedural error).[2] We conclude that any error the trial court committed by not staying the commencement of the pending resolution of the present interlocutory appeal was waived by the failure of Henry to timely inform the trial court of the application of the stay provision of section 51.014(b).

Additionally, Henry has failed to timely perfect a direct appeal of the summary judgment in this case.[3] *See* Tex. R. App. P. 26.1. Consequently, our review is limited to a determination of whether the summary judgment was void under the circumstances of this case. We conclude that Henry's waiver of the statutory stay removed any bar to the

---

[2] *See also Siebenmorgen v. Hertz Corp.*, No. 14-97-01012-CV*,* 1999 Tex. App. Lexis 311 at 9 (Tex. App.–Houston [14th Dist.] Jan. 21, 1999, no pet.) (not designated for publication) (if a plaintiff fails to inform the trial court of section 51.014(b) and allows the court to proceed to trial, the plaintiff waives the right to object or request any relief on appeal).

[3] Although Henry did file a motion for new trial in which he asserted the stay as precluding final judgment, nothing in the record shows that a hearing was held on the motion and, by operation of law, the motion has been overruled. *See* Tex. R. Civ. P. 329b(c).

trial court's final judgment. That being true, the final judgment rendered Henry's interlocutory appeal moot. *See Richards v. Mena,* 820 S.W.2d 372, 373 (Tex. 1991) (final judgment moots an appeal of temporary injunction); *Lincoln Property Co. v. Kondos,* 110 S.W.3d 712, 716 (Tex. App.–Dallas 2003, no pet.) (final judgment renders moot an appeal of class certification).

For the reason we have stated above, this appeal is moot and must be, and is hereby, dismissed.

John T. Boyd
Senior Justice