Affirmed and Memorandum Opinion filed April 4, 2006









Affirmed and Memorandum Opinion filed April 4, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00549-CV

_______________

 

ROBERT A. WELLS, SR. and THE WELLS GROUP, INC.,
Appellants

 

V.

 

BARRY H. WELLS; B. H. WELLS
FURNITURE FOR BUSINESS, INC.; BRADFORD T. WELLS; and B.T.W. ENTERPRISES, INC.,
Appellees

                                                                                                                                          
     

On Appeal from 152nd District Court

Harris County, Texas

Trial Court Cause No. 02‑03207

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

 

Robert
A. Wells, Sr. (ARobert@) and The Wells Group, Inc. (the AWells Group@) (collectively, Aappellants@) appeal a judgment rendered in favor
of Barry H. Wells (ABarry@), B. H. Wells Furniture For Business, Inc., Bradford T.
Wells and B.T.W. Enterprises, Inc. (collectively, Aappellees@) on the grounds that the trial court
erroneously entered judgment awarding recovery to Barry where: (1) such relief
did not conform to the pleadings; and (2) the jury=s answers present an irreconcilable
conflict.  We affirm.








In
1997, the parties entered into a mediation agreement (the AMediation Agreement@) to resolve their disputes incident
to the break-up of the family business. 
In June 1999, the parties agreed to replace the Mediation Agreement with
a reorganization agreement (the AReorganization Agreement@). 
As relevant to this appeal, Robert later filed suit against Barry, and
Barry filed suit against Robert and the Wells Group.

Appellants= first issue contends that, because
appellees= pleadings primarily relied on
novation and accord and satisfaction as affirmative defenses to appellants= claim for breach of the Mediation
Agreement and pleaded a breach of the Mediation Agreement only in the alternative
to those affirmative defenses, there were no pleadings that could support the
jury=s responses to questions 1-2 as well
as 15-17, finding in Barry=s favor on both his affirmative defenses and his
breach of contract claim.  Therefore,
appellants contend that the trial court erred in entering judgment for Barry on
both.

However,
appellants did not object to the wording of any of these jury questions on this
basis, and their brief concedes that those jury questions were in accordance
with the pleadings.[1]  Nor did appellants request the trial court to
submit either group of questions with a conditioning predicate based on the
answers to others.  See Tex. R. Civ. P. 273.  Moreover, appellants do not contend that the
judgment fails to conform with the jury=s answers to the questions as
submitted.  Under these circumstances,
any failure of the judgment to conform to the pleadings resulted from a failure
of the jury charge to do so, and was waived by appellants= failure to object to the charge or
otherwise give the trial court an opportunity to revise it accordingly.  Therefore, appellants= first issue is overruled.








Appellants= second issue asserts that the trial
court erroneously granted relief to Barry because the jury=s respective findings, that appellees
were excused from their payment obligations under the Mediation Agreement, but
that the Wells Group was not also excused from its payment obligations under
that same agreement, constitute an irreconcilable conflict as a matter of
law.  Appellants thus claim that if the
Reorganization Agreement discharged appellees from their obligations under the
Mediation Agreement, it necessarily had the same effect on appellants= obligations thereunder. 

However,
questions 2 and 6 both contained specific instructions on the meaning of Aexcuse,@ explaining the circumstances in
which appellees were excused from compliance with the Mediation Agreement for
purposes of these two questions.  By
contrast, question 15 did not contain any instruction with regard to the
meaning of Aexcuse@ as it applied to appellants.  In addition, the charge instructed the jury: AWhen words are used in this charge in
a sense that varies from the meaning commonly understood, you are given a
proper legal definition, which you are bound to accept in place of any other
meaning.@ 
Under these circumstances, the term Aexcuse@ was not defined to have the same
meaning in questions 2 and 6 as in question 15. 
Because of this difference in the accompanying instructions, the jury
was free to use a different meaning for Aexcuse@ in questions 2 and 6 than in
question 15 and then answer those questions accordingly without creating a
conflict.  To assure that the jury would
answer these questions to produce a symmetric result, appellants need only have
requested the same instructions be given for each.  Having failed to do so, appellants have  demonstrated no conflict in the jury=s answers.[2]  Therefore, appellants= second issue is overruled, and the
judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed April 4, 2006.

Panel consists of
Justices Edelman, Seymore, and Guzman.











[1]           See
Tex. R. App. P. 33.1; Tex. R. Civ. P. 272, 274; In re
B.L.D., 113 S.W.3d 340, 341 (Tex. 2003); State Dep=t of Highways v. Payne, 838 S.W.2d 235, 241 (Tex. 1992). 





[2]           In
addition, to preserve an actual conflict in the jury answers, an objection
would have been required before the jury was discharged.  Columbia Med. Ctr. of Las Colinas v. Bush ex
rel. Bush, 122 S.W.3d 835, 861 (Tex. App.CFort
Worth 2003, pet. denied); Norwest Mortgage, Inc. v. Salinas, 999 S.W.2d
846, 865 (Tex. App.CCorpus Christi 1999, pet. denied); see also Tex. R. Civ. P. 295; Fleet v. Fleet,
711 S.W.2d 1, 3 (Tex. 1986); Lewis v. Tex. Employers= Ins. Ass=n, 151 Tex. 95, 246 S.W.2d 599, 601 (Tex. 1952).