

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00271-CV

IN THE ESTATE OF JESSIE GRAY, DECEASED

On Appeal from the County Court
Bailey County, Texas
Trial Court No. 2556, Honorable Sherri Harrison, Presiding

June 10, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, the Estate of Jessie Gray, appeals the decision of the County Court of Bailey County, Texas, to grant to appellee, Celia Gray, a homestead exemption in the residence occupied by Celia and the decedent prior to his death. The Estate raises three issues on appeal. We will affirm.

Factual and Procedural Background

The decedent was married to Celia Gray at the time of his death. At that time, he and Celia resided in the home that is the subject of this dispute. Prior to his marriage to Celia, decedent was married to Phebe Gray. During that marriage, decedent and

Phebe resided in the home that is the subject of this dispute. The allegations of both the Estate and Celia are that decedent and Phebe executed a trust and caused the property at issue to be transferred to an *inter vivos* trust. The parties likewise agree that the children of decedent and Phebe are the beneficiaries of the trust and that decedent and Phebe continued to live in the residence after the transfer.

Upon the death of decedent, Celia continued to live in the residence until asked to move by the beneficiaries. Subsequently, Celia filed an application for an allowance in lieu of exempt property pursuant to Texas Probate Code, section 273. *See* TEX. PROB. CODE ANN. § 273 (West Supp. 2013) (repealed and currently codified as TEX. EST. CODE ANN. § 353.053 (West 2013) (effective Jan. 1, 2014)).

Initially, we note that the hearing on the application for an allowance was not recorded by a court reporter and we have no record of that proceeding to examine. At the hearing on the application, the trial court, instead of acting upon the application for an allowance in lieu of exempt property, appears to have *sua sponte* ordered delivery of the homestead to the surviving spouse, Celia. The Estate filed a motion for new trial that challenges the sufficiency of the evidence to support the trial court's action. The trial court overruled the Estate's motion for new trial by order entered July 30, 2012, and this appeal followed.

In its brief, the Estate alleges three grounds for reversal of the trial court's ruling. First, the trial court entered its order without first providing proper notice to the Estate of the nature and scope of the hearing and this lack of notice violated the Estate's right to due process under the United States Constitution and the Constitution of the State of

2

Texas.  Second, the Estate contends the evidence was legally and factually insufficient. Finally, the Estate contends that the trial court abused its discretion by ordering delivery of the homestead to Celia.  We will affirm.

Due Process Claim

Before we can address the Estate's issue on due process grounds, we must first examine whether this complaint has been preserved for appeal.  *In re M.M.L.*, 241 S.W.3d 546, 552 (Tex. App.—Amarillo 2006, pet. denied). (holding that, "[p]reservation of error is a systemic requirement that a first-level appellate court should review on its own motion.")  While we acknowledge that the trial court is alleged to have acted *sua sponte* in the granting of the homestead rights to Celia, this does not necessarily alleviate the Estate of its duty to preserve this issue for appellate purposes.  *See* TEX. R. APP. P. 33.1(a).  This is so because the purpose of the rule is to allow the trial court the opportunity to correct any perceived error.  *See Lewis v. Tex. Employer's Ins. Ass'n,* 151 Tex. 95, 246 S.W.2d 599, 601 (Tex. 1952).

A review of the clerk's record reveals that there was no motion for continuance proffered by the Estate at the time the trial court embarked upon the alleged *sua sponte* consideration of the homestead issue.  More importantly, for our purposes, the motion for new trial filed by the Estate simply alleges insufficient evidence as a ground for a new trial.  Our review of the limited record before us demonstrates that the trial court was never presented with the allegation of denial of due process.  *See id.*

To the extent the Estate may be claiming that the fact that the allegation of error is of a constitutional dimension and therefore is, or should be, exempt from the

3

preservation rules, the case law is against it. *See In re B.L.D.,* 113 S.W.3d 340, 354 (Tex. 2003) (holding that, as a general rule, due process does not mandate that appellate courts review unpreserved complaints of charge error). The analysis therein provided has application to the facts before this Court.

In the final analysis, the trial court has not had this issue presented to it. Accordingly, if there was error, the trial court was not given the opportunity to correct it. The result of this action is that the issue has not been preserved for appellate review. *See* TEX. R. APP. P. 33.1(a).[1] The Estate's first issue is overruled.

## Sufficiency of the Evidence

The Estate next contends that the evidence was legally and factually insufficient. The Estate fails to specify in what respect the evidence is insufficient. However, the only fair reading of the Estate's sufficiency issue is that it contests the sufficiency of the evidence to support the finding of the trial court granting Celia possession of the homestead. As noted previously, there was no recording of the hearing and, accordingly, there is no statement of facts for our review. Additionally, there was no request for findings of fact and conclusions of law. In such a situation, we presume all facts necessary to support the judgment have been found by the trier of fact. *See Fults v. Benincasa,* No. 07-97-0426-CV, 1999 Tex. App. LEXIS 4193, at *4 (Tex. App.—Amarillo June 2, 1999, pet. denied) (citing *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex. 1989)). The only exception to this rule is when an appellant presents fundamental

---

[1] Even were we to decide that the Estate's due process issue was preserved for appeal, the "Application for Allowance In Lieu of Exempt Property," the pleading before the trial court, clearly sets out that the Estate was put on notice that Celia contended that Jessie had a homestead interest in the residence the couple occupied prior to Jessie's death.

4

error. *Id.* (citing *Trevino & Gonzalez Co. v. R. F. Muller Co.*, 949 S.W.2d 39, 41 (Tex. App.—San Antonio 1997, no writ)). The Estate's claim of insufficiency of the evidence is not a claim of fundamental error. The Estate's second issue is overruled.

## Abuse of Discretion By The Trial Court in Entering Order

The Estate's third issue complains that the trial court abused its discretion by entering the order to set aside the residence as a homestead for Celia. The Estate's brief goes through a detailed explanation of the factual background of the execution of the *inter vivos* trust and, ultimately, of the deeds to the trust and then to the children, as beneficiaries. In the final analysis, what the Estate is complaining about appears to be the evidentiary underpinning of the trial court's order. Specifically, the Estate points out that the deeds were delivered to the trust beneficiaries prior to Jessie's marriage to Celia. According to the Estate's brief, the potentially defeasible interest of the beneficiaries became indefeasible upon Phebe Gray's death. Whether or not such a statement is true would depend upon the terms of the trust agreement, which was not presented to the trial court and, therefore, is not before us. Again, we are faced with a situation where the record has not been sufficiently developed to allow us to make the determination that the Estate asks us to make. Instead of assuming what the terms of the trust are, we must assume the record before us supports the trial court's determination, in the absence of any facts to the contrary. *See Fults,* 1999 Tex. App. LEXIS 4193, at *4. Accordingly, the Estate's third issue is overruled.

Conclusion

Having overruled the Estate's three issues, the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Pirtle, J., concurring.